DOTSON, Appellant,

v.

BRONDES MOTOR SALES, INC., Appellee.

[Cite as *Dotson v. Brondes Motor Sales, Inc.* (1993), 90 Ohio App.3d 206.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–027.

Decided Sept. 10, 1993.

*David R. Pheils, Jr.,* for appellant.

*Arnold N. Gottlieb,* for appellee.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas. This case involves a purchase of a truck by appellant, Christopher Dotson, from appellee, Brondes Motor Sales, Inc. ("Brondes").

On December 15, 1992, a jury verdict was returned in favor of Dotson, finding that Brondes had committed a deceptive act in violation of R.C. 1345.02 of the Consumer Sales Practices Act, R.C. Chapter 1345. Specifically, the jury found that Brondes misstated the purchased truck's gas mileage and failed to include a statement of the gas mileage in the sales contract. The jury found that Dotson had suffered actual damages of $875, reflecting the excess gasoline costs to drive the truck.

Following the jury verdict, Dotson filed a motion for triple damages pursuant to R.C. 1345.09(B) and for attorney fees pursuant to R.C. 1345.09(F)(2) under the Consumer Sales Practices Act. On June 29, 1993, the trial court denied Dotson's request for treble damages and attorney fees.

It is from such judgment that Dotson raises the following two assignments of error:

"I. The trial court erred in refusing to triple the damages found by the jury.

"II. The trial court erred and abused its discretion by refusing to grant plaintiff his reasonable attorney fees in prosecuting this action."

As his first assignment of error, Dotson argues that the trial court erred in failing to award treble damages.

R.C. 1345.09(B) provides that a consumer may recover three times the amount of his actual damages if "the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction under which the action is based, or an act or practice determined by a court of the state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection * * *."

■ We find that Brondes's actions were neither specifically prohibited by a regulation promulgated by the Attorney General pursuant to R.C. 1345.05(B)(2) nor a deceptive act as determined by a prior court decision. Therefore, the trial court properly denied Dotson's request for treble damages. Accordingly, the first assignment of error is found not well taken.

As his second assignment of error, Dotson argues that the trial court erred in failing to award attorney fees pursuant to R.C. 1345.09(F)(2).

■ R.C. 1345.09(F)(2) provides that a court may award reasonable attorney fees to the prevailing party if "[t]he supplier has knowingly committed an act or practice that violates the [Consumer Sales Practices Act]." A determination that a supplier has "knowingly" committed a deceptive act, so as to justify an award of attorney fees, is solely within the province of the court. See *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 30, 548 N.E.2d 933, 935.

■ In the present case, the trial court erred in failing to make its own independent determination whether Brondes acted knowingly but, instead, deferred to the finding by the jury. Accordingly, the second assignment of error is found well taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part, in accordance with this decision. This cause is remanded to said court for the purpose of determining whether to award attorney fees pursuant to R.C. 1345.09(F). It is ordered that the parties equally share the court costs of this appeal.

*Judgment accordingly.*

GLASSER, P.J., HANDWORK and SHERCK, JJ., concur.