OPINION
Defendant, Spicer Construction Company ("Spicer Construction"), appeals from a judgment for Plaintiffs, Kingsley H. Keiber and Linda Keiber ("Keibers"), on several claims for relief arising from the construction of a house for the Keibers by Spicer Construction. The Keibers have cross-appealed.
Spicer Construction's principal contention on appeal is that the trial court erred in holding that the Keibers' claim for violations of the Consumer Sales Practices Act ("CSPA") is not barred by the applicable statute of limitations. We find that the trial court's holding was correct, and will overrule Spicer Construction's assignments of error in that regard. We also overrule Spicer Construction's assignments of error contending that it was prejudiced by an undisclosed ex parte communication between a juror and the court, that the jury's verdicts on the Keibers' several claims for relief are inconsistent, and that the trial court, not the jury, should have determined the basis of the Keibers' claims for attorney fees, and that the Keibers are not entitled to an award of attorney fees for appellate representation. However, we find that the trial court erred in awarding fees for the first trial proceeding from the point after the CSPA claim was dismissed, and we will sustain Spicer Construction's assignment of error in that regard. We also sustain Spicer Construction's assignment of error arguing that the Keibers failed to prove an element necessary to their claim of fraud, and we will reverse and vacate the judgment in their favor on that claim.
With respect to the Keibers' cross-appeal, we find that the trial court erred when it failed to award them attorney fees for prosecution of their CSPA claim on appeal, and we will remand for further proceedings in that regard. We overrule the Keibers' assignment of error arguing that they are entitled to damages for breach of warranty as well as on their CSPA claim when the same measure of damages is involved.
 I.
The Keibers and Spicer Construction entered into a contract for the purchase of property and construction of a new home. The contract was amended several times to incorporate structural modifications that the Keibers wanted. At the time of final closing in April of 1987, several items were incomplete or were not completed to the Keibers' satisfaction. Spicer Construction told the Keibers that it would correct these problems. Over the next few years, some items were completed but others were not. The Keibers repeatedly called and wrote to Spicer Construction, complaining of these problems.
On August 21, 1989, the Keibers commenced an action against Spicer on claims for breach of warranty, breach of contract, fraud, and violation of the CSPA. The Keibers alleged that Spicer Construction failed to correct twenty-one items which they had identified as problems.
The trial court dismissed the Keibers' CSPA claim for relief, holding that CSPA does not apply because this was basically a land transaction. The trial court thus limited testimony at trial to
 those damages which would be encompassed by the "Cost of Repair" Rule, as well as those consequential damages which would have been in the contemplation of both parties at the time of the breach and were a direct result of such breach.
 A trial was held, and the jury returned a verdict of $11,666 in favor of the Keibers. The Keibers timely appealed. This court held that although CSPA "does not apply to isolated, `pure' real estate transactions involving the purchase and sale of land and any pre-existing improvements, it does apply to transactions that include a contract to construct a residence . . ." Keiber v. Spicer Construction Co. (1993), 85 Ohio App.3d 391, 392. The judgment dismissing the CSPA claim was reversed and the case was remanded for trial of the CSPA claim.
Prior to trial, Spicer Construction filed a motion for summary judgment, arguing that CSPA's two-year statute of limitations barred the Keibers' claim. The trial court granted the motion for summary judgment, holding that the CSPA's statute of limitations barred the Keibers' claim.
The Keibers again appealed to this court. We found that the trial court erred when it failed to allow the Keibers fourteen days in which to file a response to Spicer Construction's motion for summary judgment. On remand, the trial court found that there was a material question of fact whether certain conduct could constitute deceptive or unconscionable acts. The trial court then overruled Spicer Construction's motion for summary judgment.
The case proceeded to trial on April 14, 1997 on all of the claims pleaded in the Keibers' original complaint. The jury returned a verdict in favor of the Keibers on all claims, except for breach of contract, on which it found for Spicer Construction. The jury also found that Spicer Construction had knowingly violated CSPA, which allowed the trial court to award the Keibers their reasonable attorney fees.
On July 30, 1997, the trial court held a hearing to determine the attorney fees reasonably incurred by the Keibers. The trial court awarded attorney fees in the amount of $33,625 for the services of attorney Ronald Keller and in the amount of $6,888 for the services of attorney Charles Rowland.
On October 22, 1997, the trial court entered judgment on the jury's verdicts in the amount of $135,513.00, but offset this amount by the $11,666 that the Keibers were awarded in the first trial.
On February 3, 1998, the trial court overruled several motions by Spicer Construction. The trial court also vacated its October 22 judgment, stating that it was not "the intention of the court or the parties to enter double or duplicative punitive damages against [Spicer Construction] as a result of the findings of the jury on the various counts." The trial court thus reduced the judgment to $96,347.00, after also disallowing $27,500 in punitive damages on the fraud claim.
Spicer Construction timely appeals, presenting five assignments of error. The Keibers filed a cross-appeal. These appeals were consolidated for purposes of review.
 II. SPICER CONSTRUCTION'S APPEAL
 FIRST ASSIGNMENT OF ERROR
 SPICER CONSTRUCTION IS ENTITLED TO A NEW TRIAL BECAUSE THE TRIAL COURT ERRED, TO THE PREJUDICE OF SPICER CONSTRUCTION, IN HOLDING AN EX PARTE DISCUSSION WITH A JUROR.
On the third day of trial, a juror informed the trial court that he had discovered the prior night that his home was built by Spicer Construction. The court inquired of the juror whether he could reach a fair and impartial verdict. The juror assured the court that his discovery would not influence him for or against one party or the other. In fact, the juror stated: "We like our home and have no problem with it."
Spicer Construction argues that the trial court should have afforded it the opportunity to voir dire the juror to determine whether this newly discovered information biased the juror against Spicer Construction.
As a general rule, "any communication between judge and jury that takes place outside the presence of the defendant or parties to a case is error which may warrant the ordering of a new trial."Bostic v. Connor (1988), 37 Ohio St.3d 144, 149. However, there is not a conclusive presumption of prejudice. See State v.Schiebel (1990), 55 Ohio St.3d 71, 84. "The communication must have been of a substantive nature and in some way prejudicial to the party complaining." Id. Therefore, Spicer Construction must demonstrate prejudice in order for us to reverse the judgment and remand for a new trial.
Conduct of the trial proceedings is committed to the sound discretion of the trial court. Sandler v. Gossick (1993),87 Ohio App.3d 372, 381. Here, the trial court apparently was unaware of the purpose of the interview that the juror requested. In all likelihood, the court concluded that the juror's response to the court's inquiries demonstrated no prejudice, and the court elected to not advise counsel in order to avoid the further delay and the potential for prejudice that a voir dire might present.
Spicer Construction cannot point to any basis in the record that suggests prejudice, but merely speculates that the ex parte
conversation prejudiced it. The better practice might have been to advise counsel of the matters discussed to permit them to request to voir dire the juror to determine whether prejudice might exist. However, absent a basis in the record to suggest that the trial court's decision prejudiced Spicer Construction, we find no abuse of discretion.
Spicer Construction's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 SPICER CONSTRUCTION IS ENTITLED TO A NEW TRIAL BECAUSE THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE JURY TO REMEDY ITS INCONSISTENT VERDICTS.
Spicer Construction argues that Civ.R. 49(B) required the trial court to grant a new trial because the jury's verdicts were inconsistent. Spicer Construction claims that the verdicts are inconsistent because the jury found a different amount of compensatory damages for each claim for relief, although these claims for relief involved the same action and arose from the same circumstances.
During the trial, the parties stipulated that the measure of compensatory damages for each claim for relief — fraud, breach of warranty, breach of contract, violation of the CSPA — was the cost of the repairs required to correct the defects involved. The Keibers alleged a total of twenty-one different defects and offered proof as to each. It is entirely conceivable that the jurors concluded that the defects they found did not in each and every instance result from the misconduct alleged in each of the three claims for relief. In that event, and using the cost of repairs to determine the relief required, verdicts for compensatory damages in different amounts are not inconsistent.
This line of reasoning, like the argument in support of the assignment of error, cannot rise above the level of speculation, because we do not know why the verdicts were returned for the amounts involved. Spicer Construction could have objected that the verdicts were defective in their substance, and if the court agreed it would have been required by Civ.R. 48 to send the jurors out for further deliberation to resolve the defects. Spicer Construction did not object, however, and trial court discharged the jury.
Spicer Construction argues that it "was not provided an appropriate amount of time, prior to the jury being discharged, to recognize the inconsistence and enter an objection on the record." (Brief, p. 24). However, Spicer does not say what other amount of time would have been more appropriate. In contrast to O'Connellv. Chesapeake Ohio Railroad Co. (1991), 58 Ohio St.3d 226, the basis for the alleged inconsistency was apparent when the verdicts were read out in open court. The trial court then asked the parties if they wished the jury polled. (Tr. at 700). Admittedly, some fast thinking is required after a four-day trial to identify potential problems and object to them. However, counsel's failure to object permitted the court to discharge the jury, which rendered impossible any effort to reconcile the alleged defects in the manner that Civ.R. 48 requires. The court could not itself reconcile the alleged inconsistencies, because they are matter of substance, not mere matters of form. Barnes v. Prince (1974),41 Ohio App.2d 244.
Even if the different verdicts amount to a defect for purposes of Civ.R. 49, Spicer's failure to timely object operates to waive the defect alleged. See Arondet v. Blankenstein (1997),118 Ohio App.3d 357, 368; Greynolds v. Kurman (1993), 91 Ohio App.3d 389,395. Because there may have been no inconsistency at all, we cannot find plain error.
Spicer Construction's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO MAKE AN INDEPENDENT DETERMINATION AS TO WHETHER ATTORNEY FEES SHOULD BE AWARDED, ERRED IN AWARDING ATTORNEY FEES INCURRED AS A RESULT OF THE FIRST TRIAL, ERRED IN AWARDING ATTORNEY FEES INCURRED AS A RESULT OF THE APPELLATE WORK WHICH PRECEDED THE SECOND TRIAL AND ERRED IN AWARDING ATTORNEY FEES INCURRED BY PLAINTIFFS-APPELLEES' ADDITIONAL TRIAL COUNSEL.
R.C. 1345.09(F) authorizes a court to "award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if . . . the supplier has knowinglycommitted an act or practice that violates this chapter." (emphasis added). A supplier acts "knowingly" for purposes of R.C. 1345.09(E)(2) if it is found to have intentionally performed the act involved. Einhorn v. Ford Motor (1990), 48 Ohio St.3d 27. Intent is a question of fact, which must be determined by jury as the trier of fact. See Sloan v. Standard Oil Co. (1964), 177 Ohio St. 149,153.
The trial court submitted the issue of intent to the jury for its determination. The jury determined by special interrogatory that Spicer Construction acted "knowingly" when it violated the CSPA. Spicer Construction argues that the trial court should itself have made that finding, relying on Dotson v. Brondes
(1993), 90 Ohio App.3d 206.
In Dotson, supra, the court of appeals for Lucas County held that the finding of intent "is solely within the province of the court." Citing Einhorn, at 208. We do not agree. Because intent involves a question of fact, it is properly an issue for the jury.
R.C. 1345.09(E) is remedial in its purpose, enabling consumers who are damaged by unfair or deceptive acts or practices to pursue the remedy that CSPA provides. Therefore, a court may award the cost of any legal representation reasonably incurred in seeking that remedy, at either the trial or appellate level. SeeTanner v. Tom Harrigan Chrysler Plymouth (1992), 82 Ohio App.3d 764.
We find no abuse of discretion in the trial court's decision to award the Keibers the attorney fees they incurred in prosecuting their CSPA claims at the trial and appellate levels. However, the trial court erred in awarding attorney fees the Keibers incurred in the first trial proceeding, after the point at which the trial court dismissed the CSPA claim. The court's error in dismissing the claim notwithstanding, "[w]here . . . the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spend pursuing the claim for which fees may be awarded." Bittner v. Tri-County Toyota
(1991), 58 Ohio St.3d 143, 145.
Where a statute empowers a trial court to award attorney fees, the appropriate inquiry on review is whether the trial court abused its discretion. See Bittner v. Tri-County Toyota (1991),58 Ohio St.3d 143, 146.
 Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to the trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court.
 Id. (quoting Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.
(1985), 23 Ohio App.3d 85, 91).
Both of the Keibers' attorneys testified as to the amount of time each spent in preparing the case. Moreover, it is clear that the issues and evidence were complex and time-consuming. The complaint was filed over ten years ago. The trial court reasonably could have found that the services of two attorneys were reasonably required to prosecute the Keibers' claims.
Spicer Construction's third assignment of error is sustained, in part, and overruled, in part.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING SPICER CONSTRUCTION'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DIRECTED VERDICT REGARDING THE STATUTE OF LIMITATIONS ISSUE; AS A MATTER OF LAW, PLAINTIFFS -APPELLEES' CLAIM UNDER THE OHIO CONSUMER SALES PRACTICES ACT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.
R.C. 1345.10(C) states that an action on a claim for a CSPA violation "may not be brought more than two years after the occurrence of the violation which is the subject of the suit . . ." Spicer Construction argues that no event which could be construed to be a violation of CSPA occurred within the two year period before the Keibers commenced their action.
We agree that the transaction out of which the violations arose was concluded when the real estate transfer closed, which was more than two years before the Keibers filed this action. However, a violation of the act is not limited to the events involved in the transaction itself. R.C. 1345.02(A) states:
 No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction. (emphasis added)
Kingsley Keiber testified that he repeatedly phoned or wrote Spicer Construction, identifying the items that were defective and which needed repair. In the phone conversations, Mr. Spicer or employees of Spicer Construction told Keiber that the repairs would be made. On November 1, 1988, Spicer Construction sent Keiber a letter, asking him to contact its office regarding what repairs were still needed. The Keibers commenced this action on August 21, 1989, within two years thereafter.
These continued representations that Spicer Construction would fix the items that needed repair constitute "an unfair or deceptive act or practice" after the transaction. The limitation on actions in R.C. 1345.10(C) was not triggered until November 1, 1990, two years after the date of the last communication. SeeHofstetter v. Fletcher (6th Cir. 1988), 905 F.2d 897, 906.
Spicer Construction's fourth assignment of error is overruled.
FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING SPICER CONSTRUCTION'S MOTION FOR DIRECTED VERDICT REGARDING PLAINTIFFS-APPELLEES' FRAUD CLAIM.
Spicer Construction argues that the trial court erred in not granting its motion for directed verdict on the Keibers' fraud claim because the Keibers did not prove that the Keibers detrimentally relied on the fraudulent statements that Spicer Construction allegedly made.
A trial court should grant a motion for directed verdict when, construing the evidence most strongly in favor of the non-moving party, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 50(A)(4); Crawford v. Halkovics
(1982), 1 Ohio St.3d 184. A directed verdict is appropriate where the non-moving party has failed to provide any evidence on the essential elements of a claim. Cooper v. Grace Baptist Church
(1992), 81 Ohio App.3d 728, 734.
 It is a fundamental principle of the law of fraud, regardless of the form of relief sought, that in order to secure redress, the representee must have relied upon the statement or representation as an inducement to his action or injurious change of position.
50 Ohio Jurisprudence 3d (1984) 481, Fraud and Deceit, Section 50. In order to prove reliance, the representee must show that he relied on the misrepresentation in taking action of some sort or in refraining from action that he otherwise would have taken. See
Restatement of the Law Second, Torts (1977) 80, Section 537.
The Keibers alleged that after the closing Spicer Construction represented that it would repair the items the Keibers complained were defective. Testimony from the second trial focused on what repairs were needed and when Spicer Construction had represented that it would perform them. The evidence does not reveal, however, that the Keibers either acted or refrained from some action they might have otherwise taken in reliance on Spicer Construction's representations. Rather, the Keibers merely waited for Spicer Construction to perform on its promises to repair. That failure to act does not demonstrate that the Keibers would have done something else, instead, but for the representations.
We conclude that a reasonable jury could not conclude that the Keibers had proved that they relied on Spicer Construction's representations, to their detriment. Therefore, the trial court erred when it overruled Spicer Construction's motion for a directed verdict on the Keibers' fraud claim.
Spicer Construction's fifth assignment of error is sustained.
 III. KEIBERS' CROSS-APPEAL
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ITS NUNC PRO TUNC JUDGMENT ENTRY IN FINDING GENERAL JURY VERDICT NO. 3 AWARDED THE PLAINTIFF-APPELLEE'S $27,500.00 INSTEAD OF $27,750.00.
The award concerned in this assignment was on the Keibers' fraud claim. Having reversed the judgment on the Keibers' fraud claim, this assignment of error is moot.
SECOND ASSIGNMENT OF ERROR
 THIS MATTER SHOULD BE REMANDED TO THE COMMON PLEAS COURT TO DETERMINE THE PROPER AMOUNT OF ATTORNEY FEES THAT SHOULD BE AWARDED TO THE CONSUMER FOR THE DEFENSE OF THE CONSUMER'S AWARD ON APPEAL.
The Keibers argue that this court should remand to the trial court to determine the amount of attorney fees that the Keibers incurred in defending the judgment on appeal.
In discussing the award of attorney fees to a consumer pursuant to CSPA, the Supreme Court has stated that "[p]rohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act." Bittner v. Tri-County Toyota (1991), 58 Ohio St.3d 143,144. "Where . . . the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." Id. at 145.
Bittner changes the result that this court reached in Earnesv. Crown Chevrolet, Inc. (May 6, 1988), Miami App. No. 87-CA-38, unreported. Bittner dictates that the Keibers cannot recover attorney fees incurred in bringing the fraud, breach of contract, and breach of warranty claims if the time spent on these claims can be severed from the CSPA claim. They may, however, recover the costs associated with defending the CSPA claim through all levels, including this court.
The Keibers' second assignment of error is sustained. We remand this case to the trial court for determination and award of the attorney fees the Keibers incurred in defending this appeal.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT AWARDING PLAINTIFF PUNITIVE DAMAGES IN CONJUNCTION WITH TREBLE DAMAGES UNDER THE OHIO CONSUMER SALES PRACTICES ACT AND IN NOT ALLOWING A FULL RECOVERY ON THE COMMON LAW FRAUD AND BREACH OF WARRANTY CLAIMS.
The Keibers sought actual damages for each claim of relief, the measure of damages being the cost of repair. There is a split in authority among Ohio courts on the question of whether a consumer may be awarded more than one amount of actual damages where recovery is available under both under CSPA and under an alternative legal theory. The majority has held that a consumer can recover but one amount. The Supreme Court has not addressed the issue.
The Court of Appeals for Franklin County has found that a consumer may recover both under CSPA and under common law theories. See Mid-America Acceptance Co. v. Lightle (1989),63 Ohio App.3d 590, 601; see also Ries v. BJ's Auction House
(2/21/89), Coshocton App. No. 88-CA-35, unreported. In Mid-AmericaAcceptance, the court found that the legislature intentionally made the CSPA remedies additional to those provided at common law. However, other courts have found that a consumer can recover his or her actual damages only once, except where the supplier's act warrants an award of punitive damages. See Lawson v. Mack
(4-19-91), Lucas App. No. L-90-230, unreported.
A consumer's actual damages are those damages proximately resulting from the supplier's violation of CSPA. CSPA allows a consumer to choose between rescinding the transaction or suing for damages. R.C. 1345.09(A); Clemens v. Duwel (1995), 100 Ohio App.3d 423,433. A consumer cannot do both. Although recission was not available to the Keibers, because a substantial change had occurred in the nature of the transaction, see Richert v.Ingersoll (1985), 18 Ohio St.3d 220, they recovered treble damages on their CSPA claim.
The supplier's act can also generate claims based on other legal theories pursuant to R.C. 1345.13, which a consumer can pursue concurrently with a CSPA claim. However, it is inconsistent to allow a consumer to recover duplicative actual damages under both CSPA and common law theories, but not allow a consumer to both rescind the transaction and collect actual damages under CSPA.
Under most causes of action at common law, a plaintiff can recover only once for the actual damages incurred. The Restatement of Torts, for example, states that "the law of torts attempts primarily to put an injured party in a position as nearly as possible equivalent to his position prior to the tort." 4 Restatement of the Law, Torts 452, Section 901, comment a. Thus, a plaintiff alleging multiple tort claims can recover actual damages only once so that the plaintiff is not put in a better position than he or she was at the occurrence of the tort.
We conclude that the Keibers cannot recover actual damages both under CSPA and under a breach of warranty claim. Because we previously concluded that Spicer Construction was entitled to a directed verdict on the Keibers' fraud claim, we need not decide whether they could recover punitive damages under both fraud and CSPA. Recovery on the CSPA claim is treble damages.
The Keibers' third assignment of error is overruled.
 IV. CONCLUSION
Having sustained Spicer Construction's third assignment of error, in part, and its fifth assignment of error, and the Keibers' second assignment of error, we will remand this case to the trial court for further proceedings on the issues concerned.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to: Charles M. Rowland, Esq., Ronald P. Keller, Esq. Scott G. Oxley, Esq., Brian L. Wildermuth, Esq., Richard A. Wead, Esq. Hon. Thomas M. Rose