OPINION
Plaintiff-appellant Genevieve Snider appeals from the April 14, 1999, Judgment Entry of the Canton Municipal Court denying plaintiff-appellant's Motion for Treble Damages and Attorney Fees and from the May 11, 1999, Judgment Entry of the Canton Municipal Court denying plaintiff-appellant's Motion for Reconsideration.
 STATEMENT OF THE FACTS AND CASE
On January 22, 1998, appellant Genevieve Snider was involved in a motor vehicle accident that damaged her 1996 Ford Escort. After the accident, appellant's vehicle was towed to appellee Conley's Service, a business which repairs collision damage on automobiles, for repair. Appellant, on September 29, 1998, filed a complaint against both appellee Conley's Service and appellee Nick Conley, Sr. dba Conley's Service in the Canton Municipal Court. Appellant, in Count I of her complaint, alleged that appellee Conley's service had committed unfair, deceptive and unconscionable practices in violation of the Ohio Consumer Sales Practices Act (CSPA). With respect to Count I, appellant demanded judgment in the amount of $5,000.00 "to be trebled as permitted by law, attorney fees and the cost of this action." In her complaint, appellant also set forth claims for negligence, breach of contract and fraud. Appellees filed an answer to appellant's complaint on October 27, 1998. Thereafter, a jury trial commenced in the Canton Municipal Court on January 29, 1999, on appellant's claims under the CSPA. The jury, on February 1, 1999, returned with a verdict finding for appellant and against appellee Nick Conley, Sr., dba Conley's Service, on appellant's complaint in the amount of $5,451.68. During trial, a total of eleven interrogatories were submitted to the jury. The jury, in its answers to the interrogatories, specifically found that appellees had failed to restore appellant's car to its pre-accident condition and to provide appellant with notice that appellant had a right to an estimate prior to the commencement of the repairs. The jury further found that appellees had failed to timely repair appellant's car, to provide appellant with an itemized list of repairs, and to perform the repairs on appellant's car in a competent and workmanlike manner. With respect to Interrogatory No. 8, the jury found by a preponderance of the evidence that appellees had committed an unfair, deceptive or unconscionable act or practice in connection with its consumer transaction with appellant. In its answer to Interrogatory No. 9, the jury specifically found the following to be unfair, deceptive or unconscionable acts or practices committed by appellees:
(1) appellees failed to provide appellant with an estimate,
 (2) appellees failed to have a salvage motor vehicle part removed by a licensed salvage motor vehicle dealer,
 (3) appellees failed to perform repairs in a timely manner, and
 (4) appellees failed to perform repairs to a competent and workmanlike standard.
Finally, in Interrogatory No. 10, the jury determined that appellees had "knowingly" committed the above acts or practices. A Judgment Entry memorializing the jury's verdict was filed on February 2, 1999. The trial court, in its Judgment Entry, specifically awarded appellant judgment against appellee Nick Conley, Sr., dba Conley's Service, in the amount of $5451.68 plus interest at the rate of ten percent (10%) per annum. Appellant, on March 1, 1999, filed a Motion for Treble Damages and Attorney Fees to which appellees filed a response on April 13, 1999. Thereafter, a hearing was held on appellant's motion on April 14, 1999. Pursuant to a Judgment Entry filed on April 14, 1999, the trial court overruled appellant's Motion for Treble Damages and Attorney Fees finding, in part, that appellant was not entitled to treble damages since the jury had not determined that appellant was entitled to the same. The trial court, in its entry, further found that the jury should have been instructed on the availability of treble damages. A "Motion for Reconsideration on Plaintiff's Motion for Treble Damages and Attorney Fees" was then filed by appellant on May 10, 1999. Pursuant to a Judgment Entry filed the next day, the trial court summarily overruled appellant's Motion for Reconsideration. It is from the trial court's denial of her Motion for Treble Damages and Attorney Fees and her Motion for Reconsideration that appellant now prosecutes her appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT IN FINDING THAT IT IS WITHIN THE PROVINCE OF THE JURY TO APPLY OHIO R.C. SEC. 1345.09(B) AND DETERMINE WHETHER TREBLE DAMAGE ARE APPROPRIATE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD PLAINTIFF/APPELLANT ATTORNEY FEES AND FAILING TO GIVE ITS BASIS FOR THE DENIAL OF ATTORNEY FEES.
 I
Appellant, in her first assignment of error, argues that the trial court erred in failing to treble appellant's actual damages pursuant to the CSPA. The trial court, in its April 14, 1999, Judgment Entry overruling appellant's request for treble damages, specifically held as follows:
 "The Court agrees with the Plaintiff [appellant] that if the jury finds Defendant [appellee] violated the Consumer Sales Practices Act, the Court may treble damages pursuant to R.C. Section 1345.09. However, the statute is clear that the jury must first make a determination that Plaintiff is entitled to treble damages. Therefore, the jury must be instructed on the treble damage statute."
Since the jury in the case sub judice was not instructed on the treble damage statute, the trial court overruled appellant's Motion for Treble Damages. R.C. 1345.09(B), the treble damage statute, provides, in relevant part, as follows: "Where the violation [of R.C. Chapter 1345] was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1354.05 [1345.05], of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02
or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, . . . three times the amount of his actual damages or two hundred dollars, whichever is greater . . ."
Thus, in order for treble damages to be awarded pursuant to R.C.1345.09(B), (1) the act or practice at issue must have been declared to be deceptive or unconscionable by a regulation promulgated by the Attorney General pursuant to R.C.1345.05(B)(2), or (2) a court in the state of Ohio must previously have determined that such act or practice violated R.C. 1345.02 or 1345.03 and such court opinion must have been made available to the public for inspection under R.C. 1345.05(A)(3). See Dotson v. Brondes Motor Sales, Inc. (1993), 90 Ohio App.3d 206. Whether or not treble damages should be awarded for a violation of the CSPA is a legal issue for the trial court. See Green v. U.S.A. Energy Consultants (Sept. 18, 1986), Cuyahoga App. Nos. 50942, 51149, unreported. Since R.C. 1345.09 allows a plaintiff to choose between rescission or treble damages, the statute does not make it discretionary for a trial court to award either actual damages or treble damages once a plaintiff has, as in the case sub judice, made its election for damages. Armstrong v. Kittinger (Sept. 21, 1994), Summit App. Nos. 16124, 16378, unreported. In the case sub judice, the jury found in Interrogatory No. 9 that appellees' failure to perform the repairs to appellant's vehicle in a competent and workmanlike manner and failure to provide appellant with an estimate constituted unfair, deceptive or unconscionable acts or practices. Moreover, the jury, in its answer to Interrogatory No. 10, found that appellees had "knowingly" violated the CSPA. The Attorney General's public inspection file contains cases in which Ohio courts have held that failure to perform services in a competent and workmanlike manner and to provide an estimate are unfair or deceptive practices in violation of the CSPA. See, for example, Simpson v. Smith, Licking County Municipal Court Case No. 86-CVH-0679, which has been part of the Attorney General's public inspection file since May 5, 1987, and State ex rel. Celebrezze v. Gabel (July 18, 1988), Franklin County Common Pleas Case No. 86 CV-12-7458, which has been part of such file since July 19, 1988. Both of these decisions, certified copies of which were provided to the trial court by appellant, clearly were made available to the general public for inspection prior to the acts or practices in the case sub judice. Thus, appellant's actions in this matter were deceptive or unfair acts or practices as determined by prior court decisions. The trial court, therefore, was required to award appellant treble damages. See Trifonoff v. Reese Mobile Homes, Inc. (Dec. 14, 1989), Jefferson App. No. 88-J-21, unreported. Based on the foregoing, we find that the trial court erred in failing to award treble damages to appellant. Appellant's first assignment of error is, therefore, sustained.
 II
Appellant, in her second assignment of error, contends that the trial court abused its discretion in failing to award appellant attorney fees and in failing to give its reasons for the denial of attorney fees. R.C. 1345.09(F)(2) provides, in relevant part, that a trial court may award reasonable attorney fees to the prevailing party if "[t]he supplier has knowingly committed an act or practice that violates this chapter [the Consumer Sales Practices Act]." See Dotson, supra. A supplier does not have to know that his conduct violates the CSPA for the court to grant attorney fees. Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 30. Attorney fees can be properly awarded under the CSPA even when the court's entry of judgment on the merits has not awarded them because R.C. 1345.09(F) does not require that an award of attorney fees be part of the judgment on the merits. Sprovach v. Bob Ross Buick, Inc. (1993), 90 Ohio App.3d 117, 121. The decision to award attorney fees rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. See Sprovach, supra. at 123. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. The trial court, in the case sub judice, overruled appellant's motion for attorney fees without setting forth its reasons for doing so. Pursuant to Civ.R. 52, a trial court generally has no duty to provide findings of fact and conclusions of law when, as in the case sub judice, there is no timely request for the same. However, Civ.R. 52 does not apply to situations where a trial court denies a motion for attorney fees. See Cyrus v. Journey (Mar. 11, 1992), Scioto App. No. 91CA1988, unreported. Rather, in Bittner v. Tri-County Toyota, Inc., Ohio Supreme Court held that "[w]hen making a fee determination pursuant to R.C. 1345.09(F)(2), the trial court must state the basis for the fee determination. Absent such a statement, it is not possible for an appellate court to conduct a meaningful review." Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 146. While, unlike in Bittner, the court in this matter did not make an award of attorney fees, we concur with the court in Cyrus, supra., that the trial court in this matter necessarily made a "fee determination" pursuant to R.C.1345.09(F)(2) in deciding not to award attorney fees. Since the trial court did not state its reasons for denying appellant's motion for attorney fees, this court, therefore, is unable to conduct a meaningful review of the trial court's denial of appellant's motion for attorney fees and to determine whether the trial court abused its discretion in awarding no attorney fees to appellant. For the foregoing reasons, appellant's second assignment of error is sustained.
The judgment of the Canton Municipal Court is reversed and this matter is remanded for proceedings consistent with this opinion.
FARMER, P.J. and READER, V.J. CONCUR.