I respectfully concur in the judgment of the majority opinion for the following reasons.
 "R.C. 1345.09(F)(2) provides that a court may award reasonable attorney fees to the prevailing party if `[t]he supplier has knowingly committed an act or practice that violates the [Consumer Sales Practices Act].' A determination that a supplier has `knowingly' committed a deceptive act, so as to justify an award of attorney fees, is solely within the province of the court. See Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 30, 548 N.E.2d 933, 935." (Emphasis added.) Dotson v. Brondes Motor Sales, Inc. (1993), 90 Ohio App.3d 206, 208.
As can be seen, the determination of whether to award attorney fees or not is strictly the prerogative of the trial court. The use of the word "may" in the statute and as interpreted in subsequent case law establishes this discretionary standard.
Our abuse of discretion standard of review as properly set out in the majority opinion has not been met by the appellant herein. Based on the record before us, we do not find that the trial court abused its discretion. It appears that the thrust of appellant's argument is that the jury determined that the defendants knowingly committed deceptive acts based on the finding that the act was violated and thus appellant is entitled to attorney fees. If the statute in question used the word "shall" instead of "may" our decision would have been different.