OPINION
{¶ 1} Appellant Margaret A. Smith appeals the judgment of the Court of Common Pleas, Guernsey County, which affirmed an arbitrator's award in a contractual and Consumer Sales Practices Act ("CSPA") dispute between appellant and Palm Harbor Homes, Inc., appellee herein. The relevant facts leading to this appeal are as follows.
 {¶ 2} In November 2003, appellant visited appellee's place of business in New Philadelphia, Ohio, to shop for a new manufactured home for herself, her son, and her daughter-in-law. Appellee is engaged in the business of selling and installing manufactured housing for residential use. Appellant ultimately chose a three-bedroom model #58A4, with a total base price of $86,848.00. She signed certain contracts for purchase, delivery, and installation services on November 7 and November 14, 2003. Said contracts incorporated an agreement to arbitrate any subsequent disputes. Appellant also paid appellee $56,595.00 toward the total price.
 {¶ 3} Appellee made delivery of the manufactured home to appellant's property near Pisgah Road in Guernsey County shortly after Thanksgiving 2003. Appellant thereafter claimed that the home was damaged during delivery, that the kitchen cabinetry was of lesser quality than the display model she had viewed, and that the flooring, fireplace, and countertops were of different colors than she had selected. Appellant thus refused to accept the home as tendered. On April 13, 2004, appellant sent a letter to appellee requesting the tender of a new home. Appellee refused to do so.
 {¶ 4} On May 11, 2004, appellant gave written notice to appellee that she considered the company in breach of the sales agreements and UCC obligations. Appellant therein also offered to settle all claims if her $56,595.00 payment were returned to her and the sales contract were cancelled. Appellee refused the settlement offer, and on June 7, 2004, filed a demand with the American Arbitration Association seeking "approximately $29,000.00" in contract damages and alleging appellant was in breach of the sales agreement.
 {¶ 5} On June 21, 2004, appellant answered appellee's demand. Appellant denied any wrongdoing and presented an affirmative demand seeking actual damages, including her $56,595.00 payment to appellee, and additional incidental and consequential damages of "approximately $74,500.00." She also claimed entitlement to alternative relief under R.C. 1345.09, including statutory punitive damages, litigation costs, and attorney fees.
 {¶ 6} The arbitration hearing went forward on August 27 and September 16, 2004. On October 14, 2004, the arbitrator issued his decision. The arbitrator found, inter alia, that the manufactured home had "suffered substantial damage" during delivery, and that appellee's subsequent repair of certain components was "partial or ineffective," and that some repairs were simply not made, despite sufficient time therefor. The arbitrator further found that certain home components differed from those ordered by appellant or represented by appellee. Award of Arbitrator at 1.
 {¶ 7} The arbitrator concluded that although appellant had "claim[ed] treble damages, but by testimony and evidence request[ed] rescission," the two remedies were mutually exclusive, and that appellant had "opt[ed] to rescind the contract." He thereupon denied appellee-seller's claim for the purchase balance due, but granted appellant a rescission of the sales contract, with no treble damages. He also denied appellant attorney fees and consequential damages. Award of Arbitrator at 2-3.
 {¶ 8} On January 7, 2005, appellant timely filed a motion in the common pleas court to confirm the arbitrator's award as to breach of contract, but also moved to vacate, modify, or correct the CSPA counter-demand award under R.C. 2711.10 and 2711.11. On August 1, 2005, the trial court confirmed the arbitrator's award on the breach of contract claim in favor of appellant, but denied appellant's request to correct or vacate the CSPA award.
 {¶ 9} On August 26, 2005, appellant filed a notice of appeal. She herein raises the following three Assignments of Error:
 {¶ 10} "I. THE ARBITRATOR'S AWARD, AND THE LOWER COURT JUDGMENT UPHOLDING IT, ARE CONTRARY TO LAW, ARBITRARY, CAPRICIOUS, THE PRODUCT OF MATERIAL MISTAKE AND EXTENSIVE IMPROPRIETY, AND EXCEED THE SCOPE OF ARBITRAL POWERS ACTUALLY DELEGATED BY THE PARTIES, IN THAT MRS. SMITH WAS DENIED HER ELECTION OF THE DAMAGES REMEDY SHE HAD DEMANDED IN WRITING AS WAS HER RIGHT UNDER R.C. 1345.09(A).
 {¶ 11} "II. THE LOWER COURT AND THE ARBITRATOR ACTED CONTRARY TO LAW BY DENYING MRS. SMITH'S R.C. 1345.09(B) RIGHT TO RECOVER TREBLE DAMAGES.
 {¶ 12} "III. THE LOWER COURT AND THE ARBITRATOR ACTED CONTRARY TO LAW BY DENYING REASONABLE ATTORNEY FEES AND LITIGATION COSTS BASED UPON AN APPLICATION OF AN INCORRECT AND ILLEGAL ELIGIBILITY STANDARD."
 I. {¶ 13} In her First Assignment of Error, appellant contends the trial court erred in upholding the arbitrator's award, on the basis that appellant was denied her right to the election of remedies under R.C. 1345.09(A). We disagree.
 {¶ 14} "For a dispute resolution procedure to be classified as `arbitration,' the decision rendered must be final, binding, and without any qualifications or conditions as to the finality of an award. * * * The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." Taylor Bldg. Corp. of Am. v. Benfield,
Clermont App. No. CA2005-09-083, 2006-Ohio-4428, ¶ 47, quotingMiller v. Gunckle, 96 Ohio St.3d 359, 2002-Ohio-4932,775 N.E.2d 475, ¶ 10 (additional citations and internal quotations omitted). An arbitrator's award is presumed valid. Stark CountyEducator's Ass'n for Training of Retarded Persons v. Stark CountyBd. of Mental Retardation and Developmental Disabilities (July 20, 1992), Stark App. No. CA-8645, citing Findlay City SchoolBoard of Education v. Findlay Education Association (1990),49 Ohio St.3d 129, 551 N.E.2d 186, at paragraph one of the syllabus. The interpretation of the agreement and the determination of the factual matters are clearly within the powers of the arbitrator. Lancaster Educ. Ass'n v. LancasterCity School Dist. Bd. of Educ. (May 29, 1998), Fairfield App. No. 97 CA 82, citing Hillsboro v. Fraternal Order of Police, OhioLabor Council, Inc. (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186.
 {¶ 15} Pursuant to R.C. 2711.10, "[i]n any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 {¶ 16} (A) The award was procured by corruption, fraud, or undue means.
 {¶ 17} (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 18} (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 19} (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 "* * *." {¶ 20} In the case sub judice, the trial court properly found that subsections (A) through (C) were inapplicable as grounds for vacating the arbitrator's award. We must therefore analyze subsection (D) in the context of the arbitrator's redress of the issue of a consumer's "election of remedies" under R.C.1345.09(A).[1] This statute states: "Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages." (Emphasis added). The General Assembly's intent expressed in R.C. 1345.09(A) is that the remedies of rescission and damages should be mutually exclusive. Einhorn v. Beau Townsend Ford, Inc. (June 28, 1988), Montgomery App. No. 10835. Appellant herein maintains that R.C.1345.09(A) grants this choice of remedy to the consumer only, not to an arbitrator or a court, and she specifically takes issue with the arbitrator's conclusion, based on "testimony and evidence" that appellant had elected to pursue a rescission remedy.
 {¶ 21} However, a reviewing court's inquiry into whether the arbitrator exceeded his or her authority within the meaning of R.C. 2711.10(D) is limited. Stark County Educator's Ass'n,
supra, citing Findlay City School Board, supra, at paragraph one of the syllabus. Clearly, a party seeking recovery under R.C.1345.09 must elect the appropriate remedy prior to trial. SeeEasterday v. Gumm (Nov. 15, 1996), Ross App. No. 96 CA 2179 (internal citation omitted). Yet in the case sub judice, the arbitrator faced the dilemma that appellant's election of a remedy was inconsistent from the outset. Appellant proposed a settlement by rescission in her letter dated May 11, 2004, even though such offer was rejected by appellee prior to arbitration. Tr. II at 131-132. Her CSPA counterclaim of June 21, 2004 indeed recites her actual, incidental, and consequential claimed damages, but also claims "alternative relief allowed by R.C. 1345.09," which would include rescission. While we are cognizant that appellant vigorously discussed monetary damages during her testimony, we also note her attorney asked her the following: "Now, if Palm Harbor was to come down next week and remove thehome as you wish, what if anything would need to be done before you could move another home in there for your winter house? Tr. II at 134-135, emphasis added. Furthermore, during cross-examination, the following exchange took place between appellee's counsel and appellant:
 {¶ 22} "Q. Are you stating that one of the options here is to have Palm Harbor come in and make the corrections that you —"
 {¶ 23} "A. Not on that house."
 {¶ 24} Tr. II at 153.
 {¶ 25} Under such circumstances, we are unable to conclude the trial court erred, under its statutorily-limited level of review, in declining to find the arbitrator had exceeded his authority by concluding appellant had elected rescission of the contract. "The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decision rendered by an arbitrator whenever that is possible." Hillsboro, supra, at 176.
 {¶ 26} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 27} In her Second Assignment of Error, appellant contends the trial court erred in upholding the arbitrator's decision denying appellant's remedy of treble damages pursuant to R.C.1345.09(B). We disagree.
 {¶ 28} Pursuant to R.C. 1345.09(B), if a supplier is found to be in violation of R.C. 1345.02(B), treble damages are awardable.Bird v. E-Z TV Appliance (March 13, 1990), Washington App. No. 89 CA 11. Specifically, the act or practice at issue must have been declared to be deceptive or unconscionable by a regulation promulgated by the Attorney General pursuant to R.C.1345.05(B)(2), or a court in the state of Ohio must previously have determined that such act or practice violated R.C. 1345.02
(defining unfair or deceptive acts or practices in connection with consumer transactions) or 1345.03 (defining unconscionable acts or practices in connection with consumer transactions), and such court opinion must have been made available to the public for inspection under R.C. 1345.05(A)(3). See Dotson v. BrondesMotor Sales, Inc. (1993), 90 Ohio App.3d 206, 628 N.E.2d 137. R.C. 1345.09 allows a plaintiff to choose between rescission or treble damages. Armstrong v. Kittinger (Sept. 21, 1994), Summit App. Nos. 16124, 16378; Snider v. Conley's Service (June 12, 2000), Stark App. No. 1999CA00153.
 {¶ 29} As per our analysis of appellant's First Assignment of Error, we are unable to conclude the trial court erred in declining to hold the arbitrator had exceeded his authority in awarding rescission as opposed to treble damages.
 {¶ 30} Appellant's Second Assignment of Error is overruled.
 III. {¶ 31} In her Third Assignment of Error, appellant argues the trial court erred in upholding the arbitrator's decision denying appellant's request for attorney fees and litigation costs. We agree, as to the issue of attorney fees.
 {¶ 32} Pursuant to R.C. 1345.09(F)(2), "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 33} This Court has recognized that "[a]ctions brought under R.C. Title 13 typically involve relatively small damages, yet the cost of recovering those damages may be enormous, as the offending suppliers may stoutly defend themselves * * *. Confronted with the likelihood of incurring very much more debt in attorney fees than could be recovered in damages, most consumers would never bring or continue to prosecute an action for a private remedy." Gaskill v. Doss (Dec. 26, 2000), Fairfield App. No. 00 CA 4, quoting Sprovach v. Bob Ross Buick,Inc., (1993), 90 Ohio App.3d 117, 121, 628 N.E.2d 82.
 {¶ 34} In the case sub judice, the trial court deferred to the findings of the arbitrator, who had found the evidence devoid of proof of appellee's "awareness of or intent to commit a deceptive act." Award of Arbitrator at 3. Appellant essentially contends such a result contradicts our prior holding that the language of R.C. 1345.09(F)(2) does not state that a supplier must act with "the knowledge that his acts violate the law." SeeBuchanan v. Stiving (April 25, 1994), Richland App. No. 93-CA-75, quoting Einhorn v. Ford Motor Co. (1990),48 Ohio St.3d 27.
 {¶ 35} Clearly, the determination of factual matters is within the powers of the arbitrator. Lancaster Educ. Ass'n,
supra. However, issues of statutory construction are reviewed de novo by appellate courts. Yommer v. Outdoor Enterprises, Inc.
(1998), 126 Ohio App.3d 738, 740, 711 N.E.2d 296, citing Statev. Wemer (1996), 112 Ohio App.3d 100, 677 N.E.2d 1258. Upon review, we are persuaded the trial court erred in accepting the arbitrator's application of an erroneous legal standard for the award of CSPA attorney fees under R.C. 1345.09(F)(2).
 {¶ 36} Accordingly, appellant's Third Assignment of Error is sustained on the issue of attorney fees.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is hereby affirmed in part, reversed in part, and remanded to the trial court with directions to conduct proceedings on appellant's claim for statutory attorney fees.
Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.
[1] We note at this juncture that the grounds for "modifying" an award under R.C. 2711.11 are also inapplicable under the facts of this case.