[Cite as *Swanson v. Stark Cty. Deputies Assn.*, 2011-Ohio-1327.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TIMOTHY A. SWANSON | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| STARK COUNTY DEPUTIES<br>ASSOCIATION | Case No. 2010 CA 00168 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 2010 CV 00766

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 21, 2011

APPEARANCES:

For Plaintiff-Appellee

VIVIANNE WHALEN
STARK COUNTY SHERIFF'S OFFICE
4500 Atlantic Boulevard, NE
Canton, Ohio 44705

DEBORAH DAWSON
ASSISTANT PROSECUTOR
110 Central Plaza South
Canton, Ohio 44702

For Defendant-Appellant

RODNEY A. BACA
SCHNARS, BACA &
INFANTINO
610 Market Avenue North
Canton, Ohio 44702

*Wise, J.*

{¶1} Appellant Stark County Deputies Association ("SCDA") appeals from the decision of the Court of Common Pleas, Stark County, which vacated an arbitrator's decision regarding a sheriff deputy's request for job duty transfer. Appellee Timothy Swanson is the Stark County Sheriff. The relevant facts leading to this appeal are as follows.

{¶2} The Stark County Sheriff's Department has three main divisions: jail, civil, and road patrol. At the times pertinent to this appeal, Stark County Sheriff Deputy Michael Lattea was assigned to duty at the Stark County Jail. Deputy Lattea has been on the force since 1996. In May 2009, he decided that he would prefer being on road patrol or in the civil division, which handles court security and other non-patrolling duties. He made his formal request for transfer through his chain of command, where it was ultimately denied.

{¶3} On July 10, 2009 Deputy Lattea, through the Stark County Deputies Association, filed a grievance with the Sheriff's Office. Pursuant to the Collective Bargaining Agreement ("CBA"), Article 11, Lattea's grievance was presented to the division commander and then to the Sheriff. At both steps of the process, Lattea's grievance was denied.

{¶4} The Stark County Deputies Association proceeded with arbitration for Deputy Lattea pursuant to the CBA. A panel of arbitrators was requested by the Stark County Deputies Association through Federal Mediation and Conciliation Services. From a list of seven arbitrators, one was selected to hear the issues.

**{¶5}** The arbitration was held on January 27, 2010. An opinion and award was issued on January 31, 2010. After reviewing the evidence, the abitrator decided that the grievance should be granted and directed the Sheriff's Office to transfer Deputy Lattea to the civil division as soon as practicable.

**{¶6}** Upon a motion to vacate filed by appellee, the trial court held a hearing, and, citing R.C. 2711.10(D), ordered that the arbitrator's decision be vacated. Judgment Entry, June 18, 2010.

**{¶7}** On June 29, 2010, SCDA filed a notice of appeal. It herein raises the following sole Assignment of Error:

**{¶8}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DETERMINED THAT THE ARBITRATOR EXCEEDED HIS POWERS, WHEN IT SUBSTITUTED ITS INTERPRETATION OF THE COLLECTIVE BARGAINING AGREEMENT FOR THE INTERPRETATION MADE BY THE ARBITRATOR AND WHEN IT MISAPPLIED THE TEST FOR OVERTURNING AN ARBITRATOR'S AWARD PURSUANT TO ORC 2711.10."

I.

**{¶9}** In its sole Assignment of Error, Appellant SCDA contends the trial court committed reversible error in vacating the arbitrator's decision regarding Deputy Lattea's transfer from jail duty to civil division. We disagree.

**{¶10}** "For a dispute resolution procedure to be classified as 'arbitration,' the decision rendered must be final, binding, and without any qualifications or conditions as to the finality of an award. * * * The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited." *Smith v. Palm Harbor Homes,*

*Inc.,* Guernsey App.No. 05 CA 31, 2006-Ohio-5863, ¶ 14, quoting *Taylor Bldg. Corp. of Am. v. Benfield,* Clermont App.No. CA2005-09-083, 2006-Ohio-4428, ¶ 47, quoting *Miller v. Gunckle,* 96 Ohio St.3d 359, 2002-Ohio-4932, 775 N.E.2d 475, ¶ 10 (additional citations and internal quotations omitted). It is generally recognized that the interpretation of the agreement and the determination of the factual matters are clearly within the powers of the arbitrator. See *Lancaster Educ. Ass'n. v. Lancaster City School Dist. Bd. of Educ.* (May 29, 1998), Fairfield App.No. 97 CA 82, citing *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186. Nonetheless, R.C. 2711.10 provides for the ability of a common pleas court to vacate an arbitration award under certain circumstances. The applicable subsection in this case is subsection (D), which states a court shall vacate an award if the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶11} Thus, "[a] reviewing court's role in evaluating an arbitration award is limited to determining whether the award is unlawful, arbitrary, or capricious and whether it draws its essence from the collective bargaining agreement.* * * For an award to draw its essence from the CBA, there must be a rational nexus between the agreement and the award* * *." *International Assn. of Firefighters, Local 67 v. Columbus,* 95 Ohio St.3d 101, 102, 2002-Ohio-1936. (Citations omitted.) This Court reviews the trial court's decision de novo. See *Board of Trustees of Miami Township v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1998), 81 Ohio St.3d 269.

{¶12} In the case sub judice, Article 11 of the CBA addresses arbitration. Under Section 7(A) of said article, the arbitrator "shall limit his decision strictly to the

interpretation, application or enforcement of the specific articles and sections of this agreement."

**{¶13}** Under Article 11, Section 7(C) the decision of the arbitrator "shall be binding on both parties."

**{¶14}** Appellant contends that by the clear language of Article 11, an arbitrator is given the power to interpret and enforce specific articles and sections of the CBA between the Sheriff's Office and the Stark County Deputies Association. In this instance, the pertinent issue before the arbitrator was the interpretation of Section 1 through 5 of Article 15 of the CBA, which addresses "transfers within a classification" as follows:

**{¶15}** "SECTION 1. A transfer within a classification shall be defined as the movement of an employee from one position to another position within the same classification as defined by Article 3, Section 1, but assigned to another division of the department. Such transfer shall not involve any change in the employee's rate of pay.

**{¶16}** "SECTION 2. Employees shall be permitted to submit requests for transfer within their classification throughout the year. Such requests shall be considered by the Employer.

**{¶17}** "SECTION 3. Whenever the Employer determines the individual to be transferred within his or her classification, the Employer shall first consider the list of employees who have submitted letters of interest. However, if the Employer determines that none of the individuals who submitted letters of interest are appropriate for the job, he shall transfer any individual in that classification that he deems to be appropriate.

{¶18} "SECTION 4. Nothing in the Article shall prevent the Employer from transferring employees within a classification at any time deemed appropriate or necessary. This includes such transfer of any employee from a position that the employee obtained through the submittal of a letter of interest.

{¶19} "SECTION 5. In any case in which more than one (1) employee is being considered for a transfer within a classification, the Employer shall utilize seniority as a favorable factor in determining which employee shall be transferred."

{¶20} In his written opinion, the arbitrator in the case sub judice made the following pertinent findings regarding Article 15, supra:

{¶21} "The issue here is whether the Employer violated the parties (sic) Collective Bargaining Agreement by not granting the Grievant his transfer request to the civil division based on the Employer's determination that the Grievant was not appropriate for the job.

{¶22} "The language in Article XV, Section 3, is very clear and very unambiguous and favors the Union's argument. Should the Grievant be qualified or considered appropriate for the job, then seniority, as favorable factor, in Section 5, shall prevail and the Grievant would be entitled to the transferred position over the less senior Deputies. Should the Employer be correct as to the Grievant not being appropriate for the transfer then the seniority factor does not come into play.

{¶23} "The Employer selected less senior Deputies over a senior Deputy for the vacant positions in the Civil Division. The main reasons for the Employer's choice was the less senior Deputies needed to be rotated from the Jail to the Civil Division to gain experiences in that Division so they would eventually be qualified and understand the

work required in all three (3) Divisions. The Employer also believed that the Grievant, based on his performance ratings, was better suited for the Jail and therefore deemed not appropriate for the transfer to the Civil Division.

{¶24} "Article 15, Section 3 has a two pronged requirement. First, when determining an employee transfer, the Employer shall first consider the list of employees who have submitted letters of interest. Second, the Employer must determine if any of those individuals are appropriate for the job. In doing so, the decision by the Employer, as to whether an employee is appropriate for the job or not, cannot be made in arbitrary, capricious or unreasonable manner. To do so otherwise would rule Section 3 meaningless.

{¶25} "The underlying issue here, is whether the Employer made a correct determination that the Grievant was not appropriate for the job for which he was requesting a transfer to.

{¶26} "When challenged on how the qualifications or non-qualifications of an employee requesting a transfer was decided, Employers must show what form of measurement they used to distinguish, as for this case, how the Grievant was or was not appropriate for the job." Opinion and Award, January 31, 2010, at 6.

{¶27} In *International Assn. of Firefighters*, supra, 2002-Ohio-1936, the Ohio Supreme Court held: "An arbitrator is confined to interpreting the provisions of a CBA as written and to construe the terms used in the agreement according to their plain and ordinary meaning." Id. at 103, citing *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO* (1991), 59 Ohio St.3d 177, 180, 572 N.E.2d 71. In the case sub judice, we find several instances of expanded or additional

language instituted by the arbitrator. For example, the arbitrator utilized the terms "qualified" and "qualifications" in his decision even though they are not found in the "Transfers" portion of Article 15 and are not necessarily synonymous with the concept of appropriateness. The arbitrator also indicated that an appropriate deputy's seniority "shall prevail," even though Article 15 merely states that seniority is "a favorable factor" for consideration. The arbitrator furthermore added the requirements that the sheriff's transfer decision cannot be made in an arbitrary, capricious or unreasonable manner, and that the sheriff "must show what form of measurement [he] used to distinguish *** how the Grievant was or was not appropriate for the job." See Opinion and Award at 6. Again, this language is not found in the pertinent sections of Article 15, and, as appellee aptly notes, had the parties who negotiated the CBA mutually desired such legal standards, one would expect to find them in the contractual terms. Instead, the overall language states that it is the Sheriff who determines who is "appropriate" for a transfer, not an arbitrator.

{¶28} Thus, on several grounds, we hold the arbitrator exceeded his powers by reading language and requirements into the CBA which simply do not exist. Accordingly, upon review, we find the trial court did not err in determining the arbitrator had exceeded his powers, and thereby vacating the arbitration award concerning Deputy Lattea.[1]

---

[1] We note the record before us includes a transcript of the hearing before the trial court and a notebook of documents presented to the arbitrator, but does not appear to include a transcript of the proceedings before the arbitrator. We have previously held that where the parties have not provided the trial court or this Court with the transcript of the arbitrator's hearing, both the trial court and this Court must presume regularity in the proceedings before the arbitrator. See *R.L. Bates Co. v. Schmidt* (Dec. 28, 1998), Delaware App. No. 98CAE07031, citing *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d

{¶29}  Appellant's sole Assignment of Error is therefore overruled.

{¶30}  For the reasons stated in the foregoing opinion, the judgment of the Court

of Common Pleas, Stark County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0309

---

197, 400 N.E.2d 384. However, we find under the present circumstances that our analysis is not hampered by the lack of said transcript.

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TIMOTHY A. SWANSON | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STARK COUNTY DEPUTIES | : | |
| ASSOCIATION | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010 CA 00168 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES