TANNER, Appellee,

v.

TOM HARRIGAN CHRYSLER PLYMOUTH, INC., Appellant.

[Cite as *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1991), 82 Ohio App.3d 764.]

Court of Appeals of Ohio,
Montgomery County.

No. 12708.

Decided July 18, 1991.

See also, 82 Ohio App.3d 767, 613 N.E.2d 650.

*John D. Smith* and *Ronald W. Ruppert*, for appellee.

*David L. Hall*, for appellant.

WILSON, Judge.

On May 31, 1988, plaintiff-appellee Gary Tanner filed a complaint in the Municipal Court of Kettering, Ohio, alleging breach of contract and unfair and/or deceptive consumer sales practices in violation of R.C. Chapter 1345. Appellee's claims arose from the purchase of a new automobile. After trial, appellee was awarded $2,100 in damages plus costs, including attorney fees. Defendant-appellant appealed on procedural issues. In March 1990, the judgment of the trial court was affirmed. Appellant appealed to the Ohio Supreme Court, but that court denied jurisdiction. Appellee sought and was awarded attorney fees incurred in the appeals. The trial court awarded additional attorney fees. Appellant timely appealed.

Appellant raises one assignment of error which reads:

"The court below erred in awarding as additional attorney fees those fees incurred on appeal."

The issue is whether R.C. 1345.09(F) authorizes the trial court to award attorney fees for work performed on appeal. R.C. 1345.09(F) provides:

"The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

"(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith:

"(2) The supplier has knowingly committed an act or practice that violates this chapter."

Under this section a trial court, in its discretion, may award a consumer reasonable attorney fees when the supplier in a consumer transac-

tion intentionally commits an act or practice which is deceptive, unfair or unconscionable. *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933. The Consumer Sales Practices Act, R.C. Chapter 1345, is a remedial law designed to compensate for traditional consumer remedies and must be liberally construed pursuant to R.C. 1.11. *Id.* at 29, 548 N.E.2d at 935. Since recoveries under this Act are often small and generally insufficient to cover attorney fees, without an award of attorney fees many consumers would be persuaded not to sue. *Id.* at 30, 548 N.E.2d at 935–936. The legislative purpose of the section allowing an award of attorney fees was "to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices." (137 Ohio Laws, Part II, 3219.) Awarding attorney fees under the Act allows private redress of individual wrongs, but also may benefit the community generally because a judgment for the consumer may discourage violations of the Act by others. *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464. "Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act." *Id.* at 144, 569 N.E.2d at 144.

We find that attorney fees for the successful defense of a consumer's judgment on appeal are authorized under the Act. The statute only limits the attorney fee award to "work reasonably performed." The work of the attorney on appeal is part of the legal process of achieving and maintaining the judgment for the consumer. Disallowing attorney fees for appellate work undermines the purpose of the Act. Similarly, other jurisdictions, in considering statutory attorney fee authorization of remedial statutes, have included attorney fees for appellate work. *E.g., Bond v. Stanton* (C.A.1, 1980), 630 F.2d 1231 (civil rights legislation); *Johnson v. Mississippi* (C.A.5, 1979), 606 F.2d 635 (civil rights legislation); *Volkswagen of Am., Inc. v. Licht* (Tex.Civ. App.1976), 544 S.W.2d 442 (deceptive trade practices—consumer protection legislation). Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and GRADY, JJ., concur.