TANNER, Appellant,

v.

TOM HARRIGAN CHRYSLER PLYMOUTH, INC., Appellee.

[Cite as *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1992), 82 Ohio App.3d 767.]

Court of Appeals of Ohio,
Montgomery County.

No. 13391.

Decided Oct. 16, 1992.

*Ronald W. Ruppert,* for appellant.

*David L. Hall,* for appellee.

BROGAN, Judge.

Appellant, Gary Tanner, appeals from the decision of the Kettering Municipal Court denying his request for statutory attorney fees pursuant to R.C. 1345.09(F)(2).

The underlying facts of the case are as follows. On December 10, 1987, appellant entered into an agreement with Voss Chrysler Plymouth, Inc. to

purchase a new automobile. Appellant was to trade in his 1984 automobile for an agreed trade-in value of $5,500; however, the dealership refused to honor the agreement and appellant was forced to accept a trade-in allowance of $4,800.

Appellant filed a complaint in the Kettering Municipal Court seeking damages from appellee for breach of contract and a violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.*

The trial court rendered judgment in favor of appellant in the amount of $2,100, plus costs and interest. The trial court further awarded appellant $1,530 in attorney fees pursuant to R.C. 1345.09(F)(2).

On June 12, 1989, appellee filed a notice of appeal of the trial court's decision in this court. This court rendered its decision on March 1, 1990, affirming the trial court in all respects. Appellee subsequently filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court, which was denied.

Thereafter, appellant filed an application with the trial court for additional attorney fees incurred while defending the matter on appeal. The parties stipulated to the reasonableness and necessity of the fees claimed by appellant but differed as to whether R.C. 1345.09 allowed appellant to recover his attorney fees incurred on appeal. The trial court issued its judgment on November 15, 1990, finding in favor of appellant and awarding attorney fees in the amount of $1,448.75.

On January 15, 1991, appellee filed another notice of appeal in this court on the issue of whether R.C. 1345.09 authorizes an award of attorney fees in defense of an appeal. In a case of first impression, this court affirmed the decision of the trial court and held:

"We find that attorney fees for the successful defense of a consumer's judgment on appeal are authorized under the Act. The statute only limits the attorney fee award to 'work reasonably performed.' The work of the attorney on appeal is part of the legal process of achieving and maintaining the judgment for the consumer. Disallowing attorney fees for appellate work undermines the purpose of the Act." *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1991), 82 Ohio App.3d 764, 766, 613 N.E.2d 649, 650.

Thereafter, appellant filed another application for attorney fees in the trial court requesting fees incurred in defending appellee's appeal on the issue of attorney fees. The trial court declined to award any additional attorney fees to appellant based on the fact that appellee had a substantial argument on appeal related to a matter of first impression in Ohio. Appellant now appeals from the trial court's latest decision.

Appellant advances one assignment of error: "The trial court erred in not awarding additional attorney fees incurred for the defense of the appeal."

Appellant argues that the trial court should have awarded him additional attorney fees in connection with his defense of appellee's appeal on the issue of whether R.C. 1345.09 authorizes an award of attorney fees incurred while defending an appeal. We disagree.

An award of attorney fees pursuant to R.C. 1345.09 is made at the discretion of the trial court. The language of the statute is clear:

"The court *may* award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed." (Emphasis added.) R.C. 1345.-09(F).

An appellate court will not disturb the judgment of a trial court as to a discretionary matter absent an abuse of discretion. See *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. "The term abuse of discretion connotes more than an error of law or judgment: it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Id.* at 157, 16 O.O.3d at 173, 404 N.E.2d at 149.

We find nothing in the record to indicate that the trial court abused its discretion with respect to its refusal to award appellant additional attorney fees incurred while defending appellee's appeal on the issue of attorney fees.

The trial court concluded that an award of additional attorney fees was inappropriate since appellee's appeal consisted of a substantial argument regarding a matter of first impression before the Ohio courts. We cannot conclude that the trial court's rationale for denying appellant attorney fees was "unreasonable, arbitrary, or unconscionable." *State v. Adams, supra.*

We note parenthetically that the trial court could have considered the additional facts that appellant had already been awarded a substantial amount of attorney fees throughout the course of the action, including fees for the original appeal, and that there is nothing to indicate that appellee's appeal was the result of mere intransigence on its part.

Accordingly, we overrule appellant's sole assignment of error. The judgment of the Kettering Municipal Court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and GRADY, J., concur.