SPROVACH, Appellee,

v.

BOB ROSS BUICK, INC., Appellant.

[Cite as *Sprovach v. Bob Ross Buick, Inc.* (1993), 90 Ohio App.3d 117.]

Court of Appeals of Ohio,
Montgomery County.

No. 13827.

Decided Aug. 30, 1993.

*Ronald L. Burdge,* for appellee.

*Whann & Associates, Keith E. Whann* and *Jay F. McKirahan,* for appellant.

---

FREDERICK N. YOUNG, Judge.

Bob Ross Buick, the appellant, appeals from an order of the trial court awarding attorney fees to the appellee, Steven M. Sprovach. The award came three and one-half years after the trial court's original judgment finding that appellant had violated the Ohio Consumer Sales Practices Act.

## I

Some years ago, appellant sold appellee a used car, which it represented to be in excellent condition and to have never been damaged in an accident. This representation was false. Before appellee bought the car, it had been wrecked several times, and each time appellant had repaired it.

Appellee filed a complaint under R.C. Chapter 1345 against appellant, seeking rescission of the contract, damages, costs, and an award of attorney fees. R.C. 1345.09(F)(2) allows for the recovery of reasonable attorney fees by a victorious plaintiff if "[t]he supplier has knowingly committed an act or practice that violates this chapter."

Appellee moved to bifurcate the action, so that the issue of attorney fees would be determined separately from the merits of the case. This motion was granted by the court's order on November 15, 1988.

The matter went to compulsory arbitration pursuant to former Loc.R. 2.53 of the Montgomery County Court of Common Pleas, General Division, for a determination on the merits.

The arbitration panel found in favor of appellee, and appellant appealed the panel's decision to the trial court. The trial court entered judgment in appellee's favor on May 24, 1989. Appellee was awarded rescission, damages, and the costs of the action, but the judgment made no disposition of the issue of attorney fees.

Appellant appealed the trial court's decision and lost. See *Sprovach v. Bob Ross Buick, Inc.* (July 5, 1990), Montgomery App. No. CA 11668, unreported, 1990 WL 98365.

It was two days after this court's entry of judgment that appellee filed an application for attorney fees. More than two years after the application was made, the trial court held an oral hearing on the matter and granted the award.

To this award, appellant assigns two errors: the trial court erred in awarding attorney fees when no fees were awarded in the court's judgment entry, and also in awarding fees when the appellee had not made a timely application for them.

## II

"The court erred by awarding attorney's fees after judgment was finalized. The court's judgment entry did not award attorney's fees."

 The appellant places much emphasis upon Loc.R. 2.53 of the Montgomery County Court of Common Pleas, General Division, in support of this and the following assignment of error. Loc.R. 2.53(A)(1) provides that the court of common pleas may assign any case to compulsory arbitration, with a few exceptions, so long as the amount in controversy does not exceed $25,000. When an appeal is taken from an arbitration award, the trial court may include in the judgment an award of attorney fees to the prevailing party if certain conditions set out in Loc.R. 2.53(Z)(1), as limited by *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, are met. A motion for fees must be made within fourteen days of the court's order or the jury verdict in the case, and before the entry of judgment, as required by Loc.R. 2.53(Z)(2).

In this case, the motion for attorney fees was made through R.C. 1345.09(F)(2), which independently provides that fees may be awarded the consumer if the supplier has knowingly engaged in a practice that violates the Consumer Sales Practices Act. The appellee might have requested attorney fees under either of these provisions, because he brought a cause of action that independently permits an award of attorney fees, and because the court assigned his case to arbitration, from which appellant appealed to the court of common pleas and lost.

We note that appellee's motion for attorney fees claimed that he was entitled to fees both through the statute and through the "local rules of Court." He was mistaken in saying that the local rules entitled him to an award at the time he applied for them. However, R.C. 1345.09(F) provides an independent alternative, and it was through this provision that fees were awarded. Consequently, the appellant's invocation of Loc.R. 2.53(Z) has no force here.

The issue of fees was bifurcated from the general determination on the merits. The matter of attorney fees, the appellee urged, required additional evidence that had no bearing on the liability of appellant. Appellee had to prove the amount of time his counsel spent pursuing his remedy, and the rate counsel charged per hour for that work. The resulting amount would be subject to adjustment up or down depending on the factors listed in DR 2–106(B), to arrive at a reasonable award. *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464.

The trial court sustained appellee's motion: "The matter of attorney fees will be considered by the court, if need be, upon appropriate motion and notice, after the arbitration process is completed."

Consequently, neither the arbitration panel's decision nor the trial court's judgment entry of May 24, 1989 made any disposition of the issue of attorney fees, either that appellee was entitled to them, or in what amount. Often, the amount of attorney fees moved for under R.C. 1345.09(F) is determined by the court in a separate evidentiary hearing, though the judgment entry may declare that the prevailing party will be entitled to them.[1]

The court's judgment entry of May 24, 1989 did not declare that appellee was entitled to fees and did not "award" them. The bifurcation order did not clearly express whether the trial court meant in a separate hearing to determine whether appellee would be entitled to fees as well as in what amount he would be entitled to them. However, given the fact that the judgment entry was silent on the issue, we read the bifurcation order's "matter of attorney fees" language to indicate that the fact of the award as well as the amount of the award would be settled after the merits were decided.

■ Our inquiry then becomes whether fees can be properly awarded when the court's entry of judgment on the merits has not awarded them. We conclude that they can.

We observe first that R.C. 1345.09(F) states that "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed." There is no language requiring that an award of attorney fees be a part of the judgment on the merits.

Second, we note that the Consumer Sales Practices Act is a remedial statute, and is to be construed liberally "in order to promote [its] object and assist the parties in obtaining justice." R.C. 1.11. The object of R.C. Chapter 1345 is to provide a remedy to consumers who have been harmed by unfair, deceptive, or unconscionable sales practices. The object specifically of R.C. 1345.09(F) is to ensure that consumers will be capable of pursuing that remedy. Actions brought under R.C. Title 13 typically involve relatively small damages, yet the cost of recovering those damages may be enormous, as the offending suppliers may stoutly defend themselves just as appellant has done. Confronted with the likelihood of incurring very much more debt in attorney fees than could be recovered in damages, most consumers would never bring or continue to prose-

---

1. Even Loc.R. 2.53(Z)(2)(a) contemplates that the amount of attorney fees would be determined in a separate evidentiary hearing, though the entitlement (the award) may be declared in the judgment.

cute an action for a private remedy. See *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933.

This court would not be assisting appellee to obtain justice if we read into R.C. 1345.09(F) a requirement that does not appear there—that a court may only award attorney fees in the entry of judgment on the merits and in no other.

This result is consistent with what we have held before. In *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1992), 82 Ohio App.3d 764, 613 N.E.2d 649 (*"Tanner I"*), a plaintiff had sought attorney fees and other remedies through R.C. Chapter 1345. The trial court's judgment on the merits awarded him attorney fees and other relief. The defendant in that case appealed the court's decision and lost. The plaintiff applied for attorney fees with the trial court again, to cover the costs of defending the appeal. The trial court again awarded them. The defendant appealed that award, claiming that R.C. Chapter 1345 did not permit the recovery of fees incurred in an appeal.

We upheld the award, finding that public policy and the purposes of the Act were best served by permitting a consumer to recover "attorney fees for the successful defense of a consumer's judgment on appeal * * * [because] [t]he work of the attorney on appeal is part of the legal process of achieving and maintaining the judgment for the consumer." *Id.* at 766, 613 N.E.2d at 650.

The award of fees for appellate work could not have been made in the trial court's judgment on the merits. Obviously, after the first appeal process was completed, the trial court held a separate hearing, during which it decided whether to award fees for the appellate work, and in what amount it would award them.

When the same plaintiff applied for fees a third time, to recover attorney fees for defending an appeal from the trial court's second award of fees (the very appeal he was defending in *Tanner I, supra*), the trial court held in yet another post-judgment independent hearing that it would not award fees. We found no error in this. See *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1992), 82 Ohio App.3d 767, 613 N.E.2d 650 (*"Tanner II"*).

■ We can find no error in the trial court's awarding attorney fees and determining the amount to be awarded in a separate hearing, after it had issued a judgment from a trial on the merits that did not award them. The appellant's first assignment of error is overruled.

### III

"The court erred by awarding attorney's fees where plaintiff-appellee failed to timely file an application for same."

The appellee, victorious at trial, did not move for an award of attorney fees immediately after the judgment in his favor, but filed his application on July 25, 1990, twenty days after this court rendered its opinion, and two days after we entered judgment on the appeal.

No further action was taken by the trial court for some two years after the application for fees was made. The appellant filed no memorandum in opposition to appellee's motion for attorney fees until November 4, 1992. Oral hearing on the issue of attorney fees was held November 5, 1992, and fees were awarded in a judgment entry dated November 27, 1992.

The appellant grounds his timeliness objection on the fact that Loc.R. 2.53(Z) says that fees shall be applied for within fourteen days of the judgment entry following an appealed arbitration decision. However, appellee has requested fees under R.C. 1345.09(F), and not merely under the local rule. The issue is whether the motion for attorney fees was timely under R.C. 1345.09(F), and not whether it was timely under Loc.R. 2.53(Z).

■ An award of attorney fees is discretionary with the trial court, and we will not disturb that award unless the court has abused its discretion in making it. *Tanner II, supra,* 82 Ohio App.3d at 769, 613 N.E.2d at 652; *Eckman v. Columbia Oldsmobile, Inc.* (1989), 65 Ohio App.3d 719, 722, 585 N.E.2d 451, 452. "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

■ We first point out that appellee has requested attorney fees for the time his counsel reasonably spent pursuing his remedy from the initial client consultations to the final stages of the appeal process. As stated, we have recently held that attorney fees may be sought and won for work done on appeal as well as work done at the trial level. *Tanner I, supra,* 82 Ohio App.3d at 766, 613 N.E.2d at 650. Naturally, it would be appropriate for the prevailing party to make its motion for attorney fees after the appeal process was completed if he meant to include appellate work in the calculation.

■ Next, we observe that R.C. 1345.09(F) has no time provision. Consequently, we will require only that a party making a request for attorney fees pursuant to this section make it within a reasonable time. The appellee made his motion for attorney fees twenty days from the rendering of our opinion on appeal, and two days from the entry of our judgment. We cannot say that he permitted

an unreasonable amount of time to elapse before he moved the court for fees, nor that the court abused its discretion in awarding those fees.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and BROGAN, J., concur.