OPINION
Appellant Gerald Doss appeals the judgment of the Court of Common Pleas, Fairfield County, which granted judgment in favor of Appellee Darlene Gaskill, and subsequent attorney fees, in an action pertaining to the sale of a Redman manufactured home. The relevant facts leading to this appeal are as follows. In October 1995, appellee responded to appellant's newspaper advertisement pertaining to the sale of a used manufactured home. Appellee looked at the manufactured home and signed a purchase agreement for $12,950, which was inaccurately labeled as a "land contract." There was no security agreement between the parties, nor did appellant transfer title to the manufactured home from himself to appellee. Appellee paid $1,500 down, and began paying $300 per month for the trailer and $95 per month for the rent of a space. In February 1997, appellee moved the home to a lot she had purchased approximately ten miles from the original lot. At about this time, she stopped making payments. In March 1997, appellant, which the assistance of three to four other individuals, went to appellee's new lot and repossessed the manufactured home, acting without formal legal process. Appellant and his assistants proceeded to unhook the electrical lines and remove the home from appellee's property, leaving ruts in the ground in the process. Appellee's personal belongings were taken along with the home, including her pet dog. Appellant did not attempt to inventory the belongings before removing the home. When appellee went to recover her personal belongings, numerous items were missing or broken. On May 16, 1997 appellee filed a complaint against appellant alleging seven claims, including a violation of Ohio's Consumer Sales Practices Act ("CSPA"), a violation of Ohio's UCC provisions, and various torts, including trespass and conversion. Following a jury trial on October 26 and 27, 1999, appellee was awarded statutory damages in the amount of $1495. On November 12, 1999, appellee moved for attorney fees under the specific provisions of the CSPA. On November 22, 1999 with the approval of both counsel, a judgment entry reflecting the jury's verdict was filed. On December 23, 1999, the trial court issued a memorandum of decision regarding the attorney fees, awarding said fees to appellee in the amount of $8331.75. A judgment entry based on the memorandum of decision regarding attorney fees was filed on January 12, 2000. On February 11, 2000, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 I. THE JURY VERDICT IS CONTRARY TO THE LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE ENTRY AWARDING PLAINTIFF ATTORNEY FEES IS BARRED BY THE DOCTRINE OF RES JUDICATA.
 III. THE TRIAL COURT GROSSLY ABUSED ITS DISCRETION IN AWARDING PLAINTIFF ATTORNEY FEES IN THE AMOUNT OF $8331.75 AND SUCH AWARD IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED DEFENDANT-APPELLANT OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW BY SECRETING THE NAMES AND ADDRESSES OF THE JURORS.
 I, IV
In his First and Fourth Assignments of Error, appellant challenges the November 22, 1999 judgment entry in favor of appellee following the jury's verdict. He first argues that the jury verdict is against the manifest weight of the evidence, then challenges the trial court's secreting of the names and addresses of the jurors, urging us to expand our holding in State v. Hill (Feb. 23, 2000), Fairfield App. No. 98CA67, unreported. Appellee initially responds that the February 11, 2000 notice of appeal is untimely in regard to the underlying judgment entry of November 22, 1999. A failure to file a timely notice of appeal in a civil case is fatal. Piper v. Burden (1984), 16 Ohio App.3d 361. The record before us does not clearly indicate when the November 22, 1999 judgment entry was served on the parties, creating a conundrum such as we faced in GBS Corp. v. Creative Horizons, L.L.C. (March 27, 2000), Stark App. No. 1999-CA-356, unreported: As a preliminary matter, appellee argues that appellants' notice of appeal is untimely. If service of notice of judgment is made within a three-day period provided for in Civ.R. 58(B), the 30-day appeal period is deemed to have started on the date of the judgment. App.R. 4(A). However, if an appellant is never served with notice of judgment as required by Civ.R. 58(B), the 30-day appeal period never begins to run. While the judgment entry reflects that copies were sent to all the attorneys of record, the notation of service does not appear in the appearance docket as required by Civ.R. 58(B).
Id. at 1.
However, the problem in GBS Corp. was resolved when we noted that appellant's counsel had filed affidavits stating that appellants did not receive notice of the judgment entry in question until over four months after the fact. Id. Such a resolution is not found in the record in the case sub judice, nor does appellant reply to appellee's "timeliness" argument. App.R. 4(B) further grants no exception to the 30-day rule for reason of a post-judgment motion in the form of a request for attorney fees. See App.R. 4(B)(2). If anything, appellant ironically proposes the following, in making arguments later in his brief on the issue of attorney fees: "Plaintiff's counsel had filed a motion for attorney fees for (Doc#57) the Plaintiff on November 12, 1999 * * *. The trial court waited until December 23, 1999 to render a decision on Plaintiff's counsel's motion which was after the appeal period ran for the November 22, 1999 Judgment Entry." Appellant's Brief at 9. In light of the foregoing, we find no basis to assert the jurisdiction of this Court upon a notice of appeal filed nearly three months after the judgment entry based on the verdict. Therefore, appellant's First and Fourth Assignments of Error are overruled.
 II.
In his Second Assignment of Error, appellant argues that the award of attorney fees to appellee, per the trial court's entry of January 12, 2000, is barred by the doctrine of res judicata, essentially contending that the November 22, 1999 judgment entry disposed of all the issues between the parties in the action. Appellant cites no authority in support. The relevant statute, R.C. 1345.09, reads in pertinent part as follows: (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
 (2) The supplier has knowingly committed an act or practice that violates this chapter.
In Sprovach v. Bob Ross Buick, Inc., (1993), 90 Ohio App.3d 117,121, 628 N.E.2d 82, the court made the following assessment:
Actions brought under R.C. Title 13 typically involve relatively small damages, yet the cost of recovering those damages may be enormous, as the offending suppliers may stoutly defend themselves * * *. Confronted with the likelihood of incurring very much more debt in attorney fees than could be recovered in damages, most consumers would never bring or continue to prosecute an action for a private remedy.
In holding that attorney fees can be properly awarded even when the judgment entry on the merits has not awarded them, the Sprovach court reviewed the purposes of the CSPA and decided that it " * * * would not be assisting appellee to obtain justice if we read into R.C. 1345.09(F) a requirement that does not appear there — that a court may only award attorney fees in the entry of judgment on the merits and in no other." Id. at 122. We find this reasoning applicable herein. The ultimate outcome of appellant's present res judicata argument would be a mandate that attorney fees under CSPA actions cannot be separately argued and awarded after the verdict is in. Such a result is unwarranted under the statutory framework of Ohio's CSPA. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant argues that the court's award of attorney fees is against the manifest weight of the evidence. We disagree. An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellant's chief contention, i.e., that the amount of attorney fees is grossly disproportionate to the limited dollar amount of damages in this case, was expressly rejected by the Ohio Supreme Court in Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143 . The Court held that rather than forcing a direct relationship between the attorney fees and the amount that the consumer recovers, the starting point instead for determination of the amount of the reasonable fee is the number of hours spent by the attorney multiplied by reasonable rate, subject to adjustment of order downward depending on the degree of success the consumer has achieved. Id. at 145. Given the nearly three-year course of the litigation sub judice, the trial court's due consideration of the level of novelty and difficulty of the cause of action, and the sworn affidavit of appellee's counsel, we are disinclined to find that the trial court abused its discretion in awarding attorney fees to appellee. We further note the absence of any request by appellant to dispute this issue via an evidentiary hearing. Although there is nothing in R.C. 1345 to require a separate hearing regarding attorney fees (see Dotson v. Brondes Motor Sales (June 30, 1994), Lucas App. No. L93-338, unreported), appellant could have obtained one had he so requested. See Meade v. Nelson Auto Group (March 31, 1997), Union App. No. 14-96-45, unreported. Finally, in regard to appellant's argument that he was not a "supplier" for the purposes of R.C. 1345.09(F), our review indicates that appellant did not raise this specific issue in his memorandum in response to the motion for attorney fees; hence, we deem the issue waived. Hubbard v. Luchansky (1995), 102 Ohio App.3d 410, 414. The trial court did not abuse its discretion in awarding statutory attorney fees against appellant. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.