OPINION *Page 2 
{¶ 1} Defendants Barbara Byler and Byler Flea Market, Inc. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which awarded attorney fees to plaintiff Landmark Disposal, LTD. Byler's assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY AWARDING ATTORNEY FEES TO THE APPELLEE, AND BY AWARDING SUCH FEES IN THE AMOUNT OF $25,450.00."
 {¶ 3} Landmark Disposal raises two cross-assignments of error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN LIMITING THE ATTORNEY FEE AWARD TO THE WORK AT THE TRIAL COURT LEVEL AND IN FAILING TO AWARD ATTORNEY FEES FOR WORK IN THE PRIOR APPEAL OF THIS CASE.
 {¶ 5} "II. THE TRIAL COURT ERRED IN USING AN ARBITRARY BASIS TO DETERMINE THE LODESTAR FIGURE."
 {¶ 6} In the spring of 2000, Byler entered into a five year renewable service agreement with Landmark. In June, 2003, Byler signed a contract with another waste hauler to service the property, and informed Landmark it was canceling the contract because of poor service.
 {¶ 7} On March 11, 2004, Landmark filed a complaint in the Stark County Court of Common Pleas for beach of contract. The matter was tried before a jury, and the jury rendered a verdict in favor of Landmark on its claim for breach of contract in the amount of $1,403.88. The trial court entered a judgment on the verdict on March 29, 2005.
 {¶ 8} On July 22, 2005, the trial court conducted an evidentiary hearing on Landmark's claim for attorney fees. The contract between the parties stated in pertinent *Page 3 
part: "In the event of a breach of this Agreement by either party, the breaching party shall pay all reasonable attorney fees, collection fees, and costs of the other party incident to any action brought to enforce this Agreement."
 {¶ 9} Landmark presented evidence of fees totaling $38,849.18. The trial court entered judgment in the amount of $18,530.00. Both parties appealed, see Landmark Disposal Ltd. v. Byler Flea Market, Stark App. No. 2005CA00294, 2006-Ohio-3935, hereinafter Landmark Disposal I.
 {¶ 10} In Landmark Disposal I, Landmark assigned as error the trial court's finding that certain categories of fees were non-recoverable. This court sustained Landmark's assignment of error, finding the trial court had failed to compute the Lodestar figure, which is the number of hours expended multiplied by the reasonable hourly rate, LandmarkDisposal I, paragraph 13, citations deleted. This court also found the four categories of billed time the trial court had disallowed were allowable.
 {¶ 11} In Landmark Disposal I we remanded the matter for the trial court to compute the Lodestar figure, and then, if in its discretion it chose, to consider the factors listed in DR 2-106 (B) of the Ohio Code of Professional Conduct.
 {¶ 12} In Landmark Disposal I Byler argued the court should have found the service agreement was a periodic contract, and also argued the trial court did not consider all the elements of DR 2-106 in reaching its judgment on reasonable attorney fees. Only the assignment of error relating to the awarding of attorney fees is relevant here. This court noted consideration of the DR 2-106 factors is discretionary with the trial court, but in general, it is good practice for the trial court to review the factors. *Page 4 
However, because we vacated the award and returned it to the trial court, we deemed this assignment of error to be premature, LandmarkDisposal I at paragraph 31.
 {¶ 13} We will address Byler's assignment of error first. Byler argues the trial court erred in awarding attorney fees in the amount of $25,450.00. Byler argues Landmark's claim on breach of contract was $5,963.28, which the contract between the parties provides for as liquidated damages. The jury awarded Landmark only $1,403.88. Byler argues the discrepancy between the size of the demand, the size of the verdict, and the claimed attorney fees indicates the jury partially vindicated Byler, and Landmark was not entirely successful on its claim.
 {¶ 14} In our remand on the original appeal, we found once the trial court calculated the Lodestar figure, it could modify the calculation by applying the factors listed in DR 2-106(B), Landmark I, paragraph 14, citing Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St. 3d 143,145, 569 N.E. 2d 464.
 {¶ 15} DR 2-106, of the Ohio Code of Professional Responsibility, which was in effect at the time the trial court reviewed this matter, provides in pertinent part: "(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of the fee including the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly. (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. (3) The fee customarily charged in the locality for similar legal services. (4) The amount involved and results obtained. (5) The *Page 5 
time limitations imposed by the client or the circumstances. (6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. (8) Whether the fee is fixed or contingent.
 {¶ 16} EC 2-16 explains: "The determination of a proper fee requires consideration of the interest of both of the client and lawyer. The lawyer should not charge more than a reasonable fee, for excessive costs of legal services would deter laymen from utilizing the legal system in protection of their rights. Further, an excessive charge abuses the professional relationship between lawyer and client. On the other hand, adequate compensation is necessary in order to enable the lawyer to serve his client effectively and to preserve the integrity and independence of the profession."
 {¶ 17} The Ohio Supreme Court has adopted the Ohio Rules of Professional Conduct effective February 1, 2007. Rule 1.5 addresses fees and expenses, and uses the same language as the former DR. Thus, the Supreme Court has not essentially changed the definition of "excessive fee".
 {¶ 18} Not all the factors of DR 2-106 (B) are applicable to a given case, and the trial court has the discretion to determine which factors to apply, and in what manner the application will affect its initial calculation of the Lodestar figure, Bittner at 146. In Bittner, the Supreme Court corrected us to defer to the discretion of the trial court unless the amount of fees determined is so high or low as to shock the conscience, Bittner, at 156.
 {¶ 19} On remand, the trial court applied DR2-106(B)(1) through (4), and determined the remainder of the factors did not apply here. The trial court made extensive findings regarding the various factors, and found the amount of time *Page 6 
expended versus the results obtained was very significant. The trial court also looked to the parties' agreement for guidance. The trial court concluded the claimed fee of $38,849.18 was not reasonable or equitable for the results obtained and the nature of the case. The trial court correctly found the mere fact that time is expended does not per se mean it is compensable.
 {¶ 20} On remand, Byler presented evidence a reasonable fee for a general practitioner for the case similar to the one at bar would be somewhere between $10,000 and $15,000.
 {¶ 21} Landmark responds that Byler raised this issue before us in the first appeal, and we rejected it. Our review of our earlier opinion does not support this argument. This court specifically refused to review the reasonableness of the award because we vacated and remanded it. The trial court's decision on remand is reviewable by this court under the abuse of discretion standard.
 {¶ 22} We agree with the trial court's finding the claim for $38,849.18 is not reasonable or equitable given the results obtained and the nature of the case. Even the court's award of $25,450 represents more than four times Landmark's demand, and eighteen times the jury's verdict. Common sense dictates this is unconscionable.
 {¶ 23} This court cannot envision a situation where Landmark or any other client would cheerfully pay this bill if it were responsible for its own attorney fees. A client presented with this bill would have the option of taking the matter to the disputed fee committee or in the alternative to file an excessive fee grievance with the local bar association or disciplinary counsel of the Board of Commissioners on Grievance and Discipline of the Supreme Court of Ohio. The award is also contrary to public policy, *Page 7 
because it affirms the public's negative stereotype of attorneys, which all of us in the profession must strive to minimize.
 {¶ 24} Although this court will not devise a mathematic formula, we note with approval the Franklin County Appellate Court's case ofRidenour v. Dunn, Franklin App. No. 03AP611, 2004-Ohio-3375, wherein the Tenth District Court found an attorney fee award for times the amount of the judgment and double the total damages, was sufficiently disportionate to the damages to raise the question of reasonableness.
 {¶ 25} Our application of the various factors from DR 2-106 leads us to conclude the only unique aspect of this matter was the fact the losing party was required to pay the victor's attorney fees. Although parties may include these clauses in their contracts they must avoid the temptation to bill excessive amounts as a form of punitive damages.
 {¶ 26} Byler's assignment of error is sustained.
 {¶ 27} Turning now to the cross appeal, in both its assignments of error Landmark argues the court erred in not considering attorney fees attributable to the first appeal in its computation of fees. The trial court found Landmark Disposal I did not give it authority to include appellate work in its computations. Nevertheless, where an award of attorney fees to a prevailing party is permitted by statute or otherwise, a court may include reasonable attorney fees attributable to appellate work as necessary for securing or preserving the original award, see Tanner v. Tom Harrigan Chrysler Plymouth, Inc. (1992), 82 Ohio App.3d 764, 613 N.E.2d 649.
 {¶ 28} Both of Landmark's assignments of error are sustained. *Page 8 
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County is reversed and pursuant to App. R. 12 we enter final judgment in the amount of $15,000 as attorney fees for the trial work and $5,000 for the appellate work, for a total of $20,000, which still represents nearly four times the amount of liquidated damages allowed under the contract.
Gwin, P.J., and Wise, J., concur; Hoffman, J., concurs in part and dissents in part. *Page 9