[Cite as *Ulrich v. Mercedes-Benz, USA, L.L.C.*, 2012-Ohio-1623.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
|  | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) |  |

THOMAS ULRICH

    Appellee

    v.

MERCEDES-BENZ USA, LLC

    Appellant

C.A. No. 25929

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV-2003-03-1372

DECISION AND JOURNAL ENTRY

Dated: April 11, 2012

WHITMORE, Presiding Judge.

{¶1} Appellant, Mercedes-Benz USA, L.L.C., appeals from the judgment of the Summit County Court of Common Pleas, awarding $39,185 in attorney fees to Intervenor, Attorney Laura McDowall. This Court affirms in part and reverses in part.

I

{¶2} Thomas Ulrich initiated a lemon-law claim against Mercedes-Benz in 2003. Since that time, this matter has endured and this Court previously has set forth its factual and procedural history on multiple occasions, most recently in *Ulrich v. Mercedes-Benz USA., L.L.C.*, 187 Ohio App.3d 154, 2010-Ohio-348 (9th Dist.). The last appeal stemmed from the trial court's final judgment entry, issued February 27, 2009, in which the trial court awarded, among other things, attorney fees to Ulrich in the amount of $230,370.09. Of the $230,370.09 awarded, $178,946.14 of that award represented work undertaken by McDowall, who acted as co-counsel

for Ulrich. Mercedes-Benz challenged the trial court's award of attorney fees on appeal, and this Court affirmed the trial court's $230,370.09 fee award on February 3, 2010. *Ulrich* at ¶ 29-32.

{¶3} On September 24, 2010, McDowall filed a motion for attorney fees. McDowall's motion resulted in three hearing dates on October 27, 2010, February 9, 2011, and February 24, 2011, at which McDowall presented testimony and numerous exhibits. McDowall sought fees in the amount of $82,240 as well as legal services and costs in the amount of $7,950 for services performed from March 23, 2006, through February 9, 2011. Although the trial court struck portions of McDowall's fee request as duplicative and excessive, the court ultimately awarded McDowall $33,962.50 in attorney fees for services provided from March 24, 2006, through February 9, 2011. It also provided McDowall with $5,210 for the legal fees expended by an associate attorney of McDowall's and her paralegal during the same period. The total amount of fees and costs that the trial court awarded was $39,185.[1]

{¶4} Mercedes-Benz appealed from the trial court's award of attorney fees to McDowall, and this Court permitted McDowall to intervene in the appeal. Mercedes-Benz raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY AWARDING ATTORNEYS' FEES FOR TIME ALLEGEDLY INCURRED BEFORE THE TRIAL COURT'S FEBRUARY 27, 20[09] ORDER ON ATTORNEYS' FEES, BUT WHICH WERE NEVER REQUESTED UNTIL AFTER ENTRY OF THAT ORDER AND AFTER THIS COURT AFFIRMED THE ORDER ON APPEAL.

---

[1] This Court notes that the total amount the trial court awarded does not match the sum of the individual fees it awarded, as the proper sum would amount to $39,172.50. Although the trial court indicated in its entry that it was awarding $39,172.50 on McDowall's motion, one sentence later the entry inexplicably awarded $39,185. Because no one has raised the discrepancy and both parties rely upon the $39,185 figure, this Court employs the $39,185 figure in its review of this matter.

**{¶5}** In its first assignment of error, Mercedes-Benz argues that the trial court erred by awarding attorney fees to McDowall for services provided before February 27, 2009. Specifically, it argues that the trial court lacked jurisdiction to award those fees because the court already had entered a final judgment that this Court affirmed on appeal. We agree.

**{¶6}** In general, a trial court lacks jurisdiction to award attorney fees expended on appeal while defending a judgment. *Jay v. Massachusetts Cas. Ins. Co.*, 5th Dist. No. 2009CA00056, 2009-Ohio-4519, ¶ 13-14. An aggrieved party may recover appellate attorney fees, however, when his cause of action stems from certain remedial statutes. *LaFarciola v. Elbert*, 9th Dist. No. 08CA009471, 2009-Ohio-4615, ¶ 11, citing *Royster v. Toyota Motor Sales, U.S.A., Inc.*, 92 Ohio St.3d 327, 332 (2001). *Accord Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329, ¶ 16-17 (holding that an aggrieved tenant may recover appellate attorney fees while seeking the return of a wrongfully withheld deposit because an important objective of R.C. 5321.16 is to ensure that the aggrieved tenant bears no expense in the recovery of the deposit wrongfully withheld). Ohio's lemon law is one particular remedial statute that permits an aggrieved party to recover attorney fees incurred on appeal. *Ulrich*, 187 Ohio App.3d 154, 2010-Ohio-348, at ¶ 30. This Court has recognized that "[t]he intent of [Ohio's lemon law] statute clearly is to make the consumer whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon." *Willis v. Ford Motor Co.*, 9th Dist. No. 21262, 2003-Ohio-3362, ¶ 18, quoting *Fortner v. Ford Motor Co.*, 5th Dist. No. 1997CA00177, 1998 WL 172862, *1 (Feb. 9, 1998). In discussing another remedial statute authorizing the recovery of appellate attorney fees, the Ohio Supreme Court has held that a party may petition either the trial court or the appellate court for fees incurred at the appellate level. *Klein* at syllabus.

{¶7} The only fees Mercedes-Benz challenges in its first assignment of error are those that the trial court awarded based on fees incurred before February 27, 2009. According to Mercedes-Benz, the trial court lacked jurisdiction to award any further pre-February 27, 2009 attorney fees once it entered its final judgment in favor of Ulrich on that day. Because the trial court awarded Ulrich $230,370.09 in attorney fees in its final judgment entry, Mercedes-Benz argues, the court had no authority to alter its final judgment by further compensating Ulrich for fees his attorneys incurred before the final judgment entry.

{¶8} A portion of the trial court's original $230,370.09 attorney fee award compensated McDowall for the services she performed from mid-January 2004 to March 23, 2006.[2] The additional fees the trial court awarded Ulrich/McDowall that form the basis of this appeal compensated McDowall for the services she performed from March 24, 2006, to February 9, 2011. Those services included work she performed 1) at the appellate level over the course of the six separate appeals Mercedes-Benz pursued, and 2) at the trial court level when further proceedings ensued following the various dismissals and remands from this Court. *See Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 22224, 2005-Ohio-1461 (reversing award of summary judgment because genuine issues remained); *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 22970 (Jan. 5, 2006) (dismissing by journal entry for lack of a final, appealable order); *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 23401 (Oct. 20, 2006) (dismissing by journal entry for lack of a final, appealable order); *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007-Ohio-5034 (reversing and remanding for entry of decision complying with Civ.R. 53 so as to give the parties an opportunity to object); *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No.

---

[2] The other portion of the award compensated other attorneys who performed services for Ulrich.

24548 (Jan. 5, 2009) (dismissing by journal entry for lack of a final, appealable order); *Ulrich*, 187 Ohio App.3d 154, 2010-Ohio-348 (affirming judgment in favor of Ulrich).

{¶9} This Court has noted in numerous decisions that when a complaint contains a claim for attorney fees a trial court must finalize the amount of attorney fees to be awarded for its judgment to be appealable. *E.g., Commonwealth Land Title Ins. Co. v. Choice Title Agency, Inc.*, 9th Dist. No. 10CA009848, 2011-Ohio-396, ¶ 11-12; *FirstMerit Bank, N.A. v. Moore*, 183 Ohio App.3d 550, 2009-Ohio-3928, ¶ 14-15 (9th Dist.). *But see Knight v. Colazzo*, 9th Dist. No. 24110, 2008-Ohio-6613, ¶ 7-9 (holding that a general request for attorney fees in a prayer for relief will not impact finality if the trial court fails to address it because it is not a separate claim for relief). While a trial court may separately enter judgment on a claim for attorney fees with the inclusion of Civ.R. 54(B) language, *Internatl. Brotherhood of Elec. Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 17, a trial court may not reserve in a final judgment entry that disposes of the attorney fee claim the right to supplement the award of attorney fees stemming from trial matters. *Falls Motor City, Inc. v. Darovich*, 9th Dist. No. 25015, 2010-Ohio-2432, ¶ 8-9. Rather, the exact amount of attorney fees due at the time of final judgment must be clear from the judgment entry. *Id.*

{¶10} In asserting that the trial court lacked jurisdiction to award additional fees here, Mercedes-Benz relies upon the law that applies to final judgments, as set forth above. The analysis is not quite so straightforward, however, as fees associated with services performed on appeal do not neatly fall into the same category as fees expended at the trial court level. Under Ohio's lemon law, an aggrieved consumer may seek reasonable attorney fees incurred on appeal. *Ulrich*, 187 Ohio App.3d 154, 2010-Ohio-348, at ¶ 30. Those appellate fees are divorced from the fees incurred at the trial level and an aggrieved party may obtain them either from the

appellate court itself or from the trial court. *Klein*, 118 Ohio St.3d 256, 2008-Ohio-2329, at ¶ 13-18. Even after a final judgment and appeal, then, a trial court may award fees expended by an aggrieved consumer's attorney on appeal. *Id.* The difficulty here is that Mercedes-Benz appealed this case multiple times before the final judgment eventually was entered on February 27, 2009. Therefore, there were multiple opportunities for McDowall to seek any fees expended on the appeals that took place before the entry of final judgment. The real issue, then, is whether an aggrieved party loses his right to recover attorney fees expended at the appellate level if: (1) the fees are expended before the entry of the trial court's ultimate judgment; and (2) the aggrieved party fails to request the inclusion of those fees from the trial court before the ultimate judgment is entered.

{¶11} R.C. 1345.75, the statute authorizing an award of reasonable attorney fees and costs in a lemon-law claim, does not contain any limitation with regard to the time frame within which an aggrieved consumer must request his fees. Even so, the Ohio Supreme Court held that fees incurred at the appellate level are to be accessed as costs when a remedial statute authorizes their award. *Klein* at ¶ 15-18; *Christe v. GMS Mgt. Co., Inc.*, 88 Ohio St.3d 376, 378 (2000), quoting *Centennial Ins. Co. v. Liberty Mut. Ins. Co.*, 69 Ohio St.2d 50, 50-51 (1982) ("We have defined 'costs' as encompassing 'statutory fees to which [certain individuals] * * * are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment.' * * *. Attorney fees plainly fall within this definition."). The Supreme Court did not frame the award of appellate attorney fees as an ancillary matter or provisional remedy. *Compare Carnegie Cos., Inc. v. Summit Properties, Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, ¶ 17-19 (9th Dist.) (concluding that a motion for sanctions based on acts of bad faith may create an ancillary proceeding if it results in the award of a specific amount that is immediately

payable); *Dillon v. Big Trees, Inc.*, 9th Dist. No. 23831, 2008-Ohio-3264, ¶ 10-14 (concluding that a motion for Civ.R. 11 sanctions creates an ancillary proceeding). Additionally, while other courts have recognized that a trial court may entertain a motion for post-trial or appellate fees in the context of a remedial statute, those cases are procedurally distinct from this one. *See Alexander v. LJF Mgt., Inc.*, 1st Dist. No. C-100618, 2011-Ohio-2532, ¶ 17-21 (reversing and ordering trial court to consider attorney's post-trial work in assessing fees in its final judgment entry); *Sprovach v. Bob Ross Buick, Inc.*, 90 Ohio App.3d 117, 119-122 (2d Dist.1993) (affirming award of attorney fees, that included post-judgment work and work performed on appeal, where the attorney fee claim under a remedial statute had been bifurcated from the remaining claims and reserved until the other claims were resolved); *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.*, 82 Ohio App.3d 764, 765-766 (2d Dist.1991) (affirming trial court's post-judgment award of attorney fees expended on appeal, post-judgment, while defending consumer's judgment). This Court is left with the conclusion that if appellate fees are incurred before the entry of final judgment, those fees must be sought in conjunction with the judgment. Otherwise, the award of the fees amounts to a modification of the final judgment; an act that the trial court lacks jurisdiction to perform. *See Allstate Ins. Co. v. Witta*, 9th Dist. No. 25738, 2011-Ohio-6068, ¶ 7-11 (holding that a trial court lacks jurisdiction to modify a final judgment and that "[i]n the context of a post-judgment matter, actions that purport to reconsider or alter a final judgment are a nullity").

{¶12} The $230,370.09 figure that the trial court originally awarded in attorney fees in February 27, 2009, came from the fee request Ulrich's attorneys, including McDowall, made in April 2006. That request included fees for time Ulrich's attorneys expended on the appeals that took place before April 2006. From April 2006 until the trial court's final judgment entry in

February 27, 2009, McDowall never supplemented that fee request. The first time she requested additional fees was September 24, 2010.

{¶13} Although the trial court had authority to award McDowall fees for the work she expended on appeal before February 27, 2009, the court's ability to do so terminated with the entry of final judgment. At that point, the trial court no longer had the authority to award pre-judgment fees because doing so would result in a modification of its final judgment. *Witta* at ¶ 9 ("This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void."). McDowall clearly was aware that appellate fees were recoverable, as they formed a part of the basis for her fee request in April 2006. McDowall had the ability to supplement her fee request before the entry of final judgment so as to include any additional fees in the court's February 27, 2009 judgment entry. She did not do so. Because the trial court lacked jurisdiction to make a post-judgment award of appellate fees that were incurred before judgment, the court's April 15, 2011 judgment entry is a nullity to the extent it awards appellate attorney fees.

{¶14} It follows that because the trial court lacked jurisdiction to award appellate fees incurred from March 24, 2006, to February 27, 2009, the court also lacked jurisdiction to award additional fees incurred at the trial level during the same time frame. McDowall could have, but did not, supplement her fee request to include those additional fees before the trial court issued its final judgment. Ulrich/McDowall also never bifurcated Ulrich's attorney fee claim so as to reserve argument on that claim until the other claims were resolved. *See Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, at ¶ 17; *Sprovach*, 90 Ohio App.3d at 119-122. Once the trial court entered final judgment on the attorney fee claim it did not have the authority to award additional fees incurred prior to that judgment. *Witta* at ¶ 7-11. We agree with Mercedes-Benz

that the trial court lacked jurisdiction to award McDowall any additional fees for services she provided before February 27, 2009. Its first assignment of error is sustained on that basis.

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES ON A MOTION THAT WAS NOT SUBMITTED WITHIN A REASONABLE TIME WHERE IT WAS SUBMITTED FOR THE FIRST TIME 18 MONTHS AFTER FINAL JUDGMENT ON ATTORNEYS' FEES, AND 7 MONTHS AFTER THE FINAL JUDGMENT WAS AFFIRMED ON APPEAL.

{¶15} In its second assignment of error, Mercedes-Benz argues that the trial court abused its discretion by granting McDowall's unreasonably late motion for attorney fees.

{¶16} A trial court's award of reasonable attorney fees for a lemon-law claim is a matter within the discretion of the trial court. *Ulrich*, 187 Ohio App.3d 154, 2010-Ohio-348, at ¶ 30. Accordingly, we review a trial court's decision to award such fees under an abuse of discretion standard of review. *Id.* An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Initially, we note that this assignment of error only addresses the fees the trial court awarded for services provided after February 27, 2009. Because we have already determined that the court lacked jurisdiction to award fees incurred from March 24, 2006, to February 27, 2009, only the post-February 27, 2009 fees are subject to a reasonableness analysis.

{¶18} As previously noted, R.C. 1345.75 does not contain any limitation with regard to the time frame within which an aggrieved consumer must request his fees. In determining that appellate attorney fees are awardable in the context of remedial statutes, the Ohio Supreme Court also did not set forth any specific timeframe within which the petition or motion for those fees must be filed. *See Klein*, 118 Ohio St.3d 256, 2008-Ohio-2329. Mercedes-Benz concedes that

the statute does not specify a time period within which an aggrieved customer may file a motion for fees, but argues that a "reasonable" timeframe applies. This Court agrees that a request for attorney fees incurred after judgment must be made within a reasonable time. *Sprovach*, 90 Ohio App.3d at 123.

**{¶19}** Mercedes-Benz argues that McDowall's fee request was unreasonably late because she did not file it until eighteen months after final judgment and seven months after this Court affirmed the trial court's final judgment. The record reflects, however, that Mercedes-Benz did not make this argument in the court below.

**{¶20}** At the hearing on attorney fees that took place on October 27, 2010, there were two separate motions for attorney fees before the court; one from McDowall and one from Mitchel Luxenburg, the other principal attorney for Ulrich. The two attorneys did not file their motions jointly. Indeed, there was a great deal of contention between the two in the court below with regard to whether they were both entitled to additional fees. The court began the October 27, 2010 hearing by discussing Luxenburg's motion. Luxenburg and Richard Gurbst, the attorney for Mercedes-Benz, notified the court that they stipulated to the reasonableness of Luxenburg's rate and the amount he sought, but contested the ultimate issue of whether those fees were recoverable for a certain time period. The following discussion took place on the record:

> MR. LUXENBURG: * * * Specifically in this case there is going to be a distinction as to the nature of the work performed. The work performed by my law firm related to appellate work. Granted, some of it was pre-February 2009. It did relate to appellate work which ties into our argument that was time for appeal and it is ripe for a fee petition now and no time earlier.
>
> THE COURT: But you're -- you know, I just looked at your motion, your brief this afternoon, so I haven't studied this, but does your dispute involve the type of work being done or the time it was done?

MR. GURBST: Our principal issue is when it was done as being done before the hearing and the fact that it was not sought within a reasonable time provided by law after your final order. I believe, though, Your Honor, that Mr. Luxenburg wants to preserve his record and his witness won't take long.

**{¶21}** Mercedes-Benz points to the foregoing exchange in response to McDowall's assertion on appeal that Mercedes-Benz did not preserve its timeliness argument. The foregoing discussion, however, only pertains to Luxenburg's motion, not McDowall's. Moreover, the objection Mercedes-Benz filed in the court below in response to McDowall's request for attorney fees did not challenge McDowall's request on the basis that it was untimely. Mercedes-Benz has failed to point this Court to any portion of the record in which it challenged McDowall's motion on the basis that it was not filed within a reasonable time. App.R. 16(A)(7). As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because Mercedes-Benz has not shown that it preserved this argument in the trial court, we will not address it on appeal. *State v. Schwarz*, 9th Dist. No. 02CA0042-M, 2003-Ohio-1294, ¶ 14 ("[A]rguments which are not raised below may not be considered for the first time on appeal.'"). Mercedes-Benz' second assignment of error is overruled.

III

**{¶22}** Mercedes-Benz' first assignment of error is sustained, and the trial court's judgment entry is vacated to the extent that it awards fees and costs for the period of March 24, 2006, to February 27, 2009. Mercedes-Benz' second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for the entry of judgment in accordance with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶23} I concur in the majority's resolution of the second assignment of error and the portion of the first assignment of error that concludes the trial court was without jurisdiction to award attorney fees for trial court work performed prior to February 27, 2009, unrelated to any appeal. However, I respectfully dissent from its conclusion that the trial court lacked jurisdiction

to award appellate fees or trial court fees related to appellate work incurred between March 24, 2006, and February 27, 2009.

{¶24} While the majority presents a logical recitation of the law, I cannot conclude that the law forces this Court to conclude that the trial court lacked jurisdiction to award appellate fees incurred and related to Ulrich's attempts to secure a final judgment. As the majority notes, the intent of Ohio's lemon law statute is to "'make the consumer whole, and to restore the purchaser to a position he or she occupied before acquiring the lemon.'" *Willis v. Ford Motor Co.,* 9th Dist. No. 21262, 2003-Ohio-3362, ¶ 18, quoting *Fortner v. Ford Motor Co.*, 5th Dist. No. 1997CA00177, 1998 WL 172862, *1 (Feb. 9, 1998). To do so, the consumer can seek reasonable fees incurred on appeal, *Ulrich v. Mercedes Benz USA, L.L.C.*, 187 Ohio App.3d 154, 2010-Ohio-348, ¶ 30 (9th Dist.), and can obtain those fees from either the trial court or the appellate court. *Klein v. Moutz,* 118 Ohio St.3d 256, 2008-Ohio-2329, ¶ 13-18. Moreover, as noted by the majority, R.C. 1345.75 does not contain a time limitation with respect to when a consumer must submit a fee request. The fees incurred because of the appellate process are to be assessed as costs. *Klein* at ¶ 15-18.

{¶25} The majority concludes that the appellate fees incurred prior to February 27, 2009, are pre-judgment attorney fees and the trial court had no authority to award them because to do so would modify the final judgment. However, if the appellate fees are to be treated as costs as illustrated in *Klein*, and not as traditional attorney fees, and there is no time limit for requesting such fees, I cannot conclude that modifying costs impermissibly modifies the final judgment. Accordingly, I see no jurisdictional bar to awarding appellate related fees incurred from March 24, 2006, to February 27, 2009. Instead, the determination of whether it is reasonable to award such fees is left to the discretion of the trial court. *See Ulrich*, 187 Ohio

App.3d 154, 2010-Ohio-348, at ¶ 30. In addition, the result in this case is problematic as it would require the prevailing consumer to repeatedly supplement the appellate fee request and undergo multiple fee hearings concerning appellate matters related to the finality of the judgment being appealed, all of which may delay the appeal of the underlying merits.

{¶26} I agree with the portion of the opinion that holds that it is improper to award additional attorney fees related to the trial phase of the case. There is no authority to treat attorney fees related to the trial phase of the case as costs. Thus, awarding additional attorney fees for work performed from March 24, 2006, to February 27, 2009, would result in altering the final judgment, from which an appeal has already been taken, an action which is not permitted. *See Allstate Ins. Co. v. Witta*, 9th Dist. No. 25738, 2011-Ohio-6068, ¶ 7-11.

{¶27} Thus, to the extent to the trial court awarded fees for appellate-related work from March 24, 2006, to February 27, 2009, I would conclude the trial court did not abuse its discretion in doing so. To the extent the trial court awarded fees for the trial phase of the case from March 24, 2006, to February 27, 2009, I would conclude the trial court lacked jurisdiction to do so.

APPEARANCES:

RICHARD GURBST and TREVOR G. COVEY, Attorneys at Law, for Appellant.

WILLIAM T. WHITAKER and ANDREA WHITAKER, Attorneys at Law, for Appellee.